State of Iowa, Appellee, v. William McCausland, Appellant.

**Criminal Law:** RAPE: INSTRUCTIONS: LIMITATIONS. Where the court by its instructions sufficiently guards a defendant charged with rape, against the possibility of conviction for a crime which is barred by the statute of limitations, failure to expressly state the statutory limit is not prejudicial.

**Reasonable doubt:** INSTRUCTION. While the use of the phrase "to justify an acquittal" in an instruction defining reasonable doubt is criticised, it is held not to have been prejudicial, in view of the fact that the charge as a whole was carefully framed to protect the defendant's legal rights.

**Included offenses:** INSTRUCTION. On a prosecution for rape an instruction that if defendant is not found guilty of the higher offense, the jury should then consider the question of his guilt of the next lower included offense, was not erroneous.

**Rape:** CORROBORATION: INSTRUCTION. Collation of matters by the court which the jury may consider as bearing upon the corroboration of the prosecutrix is permissible.

**Same:** EVIDENCE. The corroborating evidence on a prosecution for rape is examined and held sufficient to sustain conviction.

*Appeal from Wright District Court.*— Hon. R. M. Wright, Judge.

Wednesday, November 20, 1907.

REHEARING DENIED, MONDAY, FEBRUARY 17, 1908.

INDICTMENT for rape upon the person of a female child under age of consent. Verdict of guilty, and, from the judgment entered thereon, defendant appeals.— *Affirmed.*

*McGrath & Archerd* and *J. W. Henneberry,* for appellant.

*H. W. Byers, Attorney General,* and *C. W. Lyon, Assistant Attorney General,* for the State.

WEAVER, C. J.— I.   The appellant objects to the trial court's charge to the jury because it does not say in express terms that, to justify a conviction, the crime charged must be found to have been committed within eighteen months next preceding the return of the indictment.   The point is not well taken.

1. CRIMINAL LAW: rape: instructions: limitations.

The indictment was returned October 12, 1906.   The evidence shows without controversy that, if the alleged crime was ever committed, it was in the month of June, 1906. There is no claim of or testimony tending to show any assault upon the prosecuting witness prior to that time.   Moreover, the trial court expressly instructed the jury that, in order to find the defendant guilty, they must determine that he did assault and carnally know the prosecuting witness on or about the 3d day of June, 1906.   Under these circumstances, while it is doubtless advisable as a general rule that the statutory limit should be expressly stated, the omission to do so in this instance was without error, or, if technical error, it was without prejudice to the appellant.   The time limit within which a prosecution may be undertaken is no part of element of the crime, and, if the charge as a whole sufficiently guards the accused against the possibility of being convicted of any crime which has been barred by the statute of limitations, he has no just cause of complaint.

II.   In paragraph 4 of the charge to the jury the

court, defining reasonable doubt, made use of the expression,
"A doubt to justify an acquittal must be reasonable and

**2. REASONABLE DOUBT: instruction.**

arise from a candid and impartial considera-
tion of all the evidence in the case." Excep-
tion is taken by appellant to the use in this
connection of the expression, "to justify an acquittal," as
tending to cast upon him a greater burden than the law
intends he should bear. It is to be conceded that upon one
or two occasions this court has been inclined to disapprove
of the quoted phrase as being liable to misinterpretation by
the jury. *State v. Phillips,* 118 Iowa, 675. In the cited
case, while criticising the language, we refused to reverse
on that account because of the general tenor and effect of the
court's charge. So, also, in the case now being considered,
the charge as a whole was carefully framed to protect the
accused in his legal rights, and, while we should have been
better satisfied had the use of the quoted phrase been
avoided, it does not afford sufficient ground for ordering a
new trial.

III. The charge to the jury is further excepted to
because in instructing upon the offense included in the in-
dictment the court told the jury that, if they failed to find

**3. INCLUDED OFFENSES: instruction.**

defendant guilty of the higher offense, they
should then proceed to consider the question
of his alleged guilt of the next lower included
offense, which phrase was repeated in each successive in-
struction upon this point. This it is said had a tendency to
impress upon the minds of the jury that a duty rested upon
them to convict the defendant if possible.

Another paragraph is excepted to because the court
therein collates certain matters which the jury might properly
take into consideration as bearing upon the corroboration

**4. RAPE: corroboration: instruction.**

of the prosecuting witness. Many other
errors are assigned upon the language of the
charge, but in most instances they are of too
hypercritical character to require extended discussion. We

have examined each, and find no material or substantial
error.   The trial court must of necessity prepare its instruc-
tions pending the heat and stress of the trial, and it should
cause no surprise if upon subsequent critical examination by
counsel adversely interested expressions may be found upon
which a careful revision might well be modified or omitted,
and yet involve no fundamental or prejudicial error.   Most
of the alleged defects in the charge in the case before us are
of this nature, and we think it unnecessary to take the time
to go into their discussion save to say that we find nothing
in them to call for a reversal of the judgment of the district
court.

IV.   Counsel argue that the record does not present
sufficient corroborating evidence to sustain a finding of
guilt.   In our judgment, the record shows abundant cor-
roboration.   It was shown by the testimony of
persons other than the prosecuting witness that
defendant was seen with this young girl in a public place at
a late hour on the night when the crime is alleged to have
been committed, and circumstances were shown from which
the jury could be justified in finding that he accompanied
her from the place where they were first seen together through
the street, and up a flight of stairs, where they entered
a darkened room, which according to the story of the prose-
cutrix was the scene of the offense.   Other circumstances
significantly pointing in the same direction might be men-
tioned, but there is no necessity of going into the details of
the disgusting crime, which the evidence very clearly shows
was committed.   Suffice it to say that the fact that the crime
was committed by some one was so clearly shown that the
jury could not have found otherwise without being derelict
in duty and the corroborating evidence tending to connect
the defendant with the commission of the offense was of
such clear and pointed character that a verdict of acquittal
could not have been reasonably expected.   These remarks
sufficiently indicate our view upon the questions as to the

5. SAME:
   evidence.

sufficiency of the evidence to support a verdict of guilty. We are not inclined to further extend this opinion. Other questions have been argued, and we have examined the record with much care. Counsel have made a vigorous and industrious effort to present the appellant's case in the best possible aspect, and, after according to their argument the weight which the ability and zeal of its presentation deserves, we are forced to the conclusion that the conviction was just, and that no good reason has been shown why we should order a new trial.

The judgment of the district court is *affirmed*.