STATE OF IOWA, Appellee, v. LEON CARTWRIGHT, Appellant.

**TRIAL:** Objections—Necessity for Evidence of Fact. An objection
1  based upon an alleged fact will be disregarded, when the record
   is barren of any evidence of such fact.

**CRIMINAL LAW:** Alibi—Cautionary Instructions. Instructions to
2  the effect that an alibi is easily manufactured, and that the

proofs pertaining thereto should be scanned with care and caution, are proper.

CRIMINAL LAW: Accomplice—Insufficient Evidence. Evidence
3   held insufficient to show that the witness in question was an accomplice; and, therefore, no occasion arose for instructing in reference thereto.

*Appeal from Boone District Court.*—R. M. Wright, Judge.

NOVEMBER 15, 1919.

REHEARING DENIED FEBRUARY 23, 1920.

THE defendant was indicted upon charge of maliciously threatening to injure the property of one Anna Carson, with intent thereby to extort money from the said Anna Carson, against her will. To the charge, the defendant pleaded "not guilty," and, upon trial to a jury, was convicted. From the judgment entered on the verdict, he appeals.—*Affirmed.*

*W. W. Goodykoontz,* for appellant.

*H. M. Havner,* Attorney General, *F. C. Davidson,* Assistant Attorney General, and *Charles W. Lyon,* for appellee.

WEAVER, J.—The points made by counsel for a reversal of the judgment of conviction are as follows:

I.   The record shows that the trial of the defendant was begun on December 5, 1918. On that day, a jury was impaneled and, after the introduction of the State's evidence in chief, and after a beginning had been made upon the testimony for the defendant, the court was adjourned to December 16, 1918, because of sickness in the family of a juror. On the date last named, a further adjournment was made to December 30, 1918, because of the absence of jurors. On December 30, 1918, the defendant ob-

1. TRIAL: objections: necessity for evidence of fact.

jected to proceeding further with the trial, because, after
the last adjournment of court, and since the trial began,
one of the members of the trial jury had been appointed ad-
ministrator of the estate of one Elliot, deceased, and the
firm of which J. R. Whitaker, assistant attorney for the
State, was a member, was representing said administrator
in that proceeding. Mr. Whitaker, being present in person,
stated to the court that he had no personal knowledge of
the facts of the matter referred to. The objection was there-
upon overruled, and appellant assigns error thereon.

There are several good reasons why this exception can-
not prevail; and of these we need only suggest one, which
is that, so far as the record shows, the alleged fact upon
which the objection was based, does not appear to have been
admitted, or any evidence thereof submitted to the court.

II.   Objection is also raised to several paragraphs of
the court's charge to the jury, because they are obscure, if
not ambiguous, and do not clearly and distinctly present to
the jurors the simple essential questions upon which they
were required to pass.

As to most of these paragraphs, counsel do not claim,
nor do we think it can fairly be said, that, when read with
an intelligent desire to ascertain their meaning and effect,
they, or any of them, state an erroneous proposition of
law.   These instructions have special reference to what is
meant by the words "intent," "motive," and "malice," and,
if open to any objection at all, it is not because they are in-
correct, but because the attempt to define and illuminate
the meaning of simple words of common, everyday use tends
oftener to confuse than to help the mind unaccustomed to
critical definition of terms.   We have read the court's
charge in this respect with much care, and we find therein
no prejudicial error.

III.   The court gave an instruction upon the defense
of alibi; and in so doing, made use of the language found

in some of our cases, cautioning the jury that it is a de-
fense "easily manufactured," and that the
proofs should be "scanned with care and
caution." That this cautionary instruction
may properly be given, has been affirmed by
this court in several cases. *State v. Whitbeck,* 145 Iowa 29.
41; *State v. Worthen,* 124 Iowa 408. The writer of this
opinion is convinced, however, that the rule is a vicious
one, and ought to be displaced by one more in accord with
enlightened justice. With such an instruction, the defense
of alibi, though supported by an array of witnesses of the
highest character, is sent to the jury defaced with the stig-
ma of judicial suspicion, which is quite sure to rob it of
all value for him who offers it. Such, however, is not the
view of the court; and the exception to the charge in this
respect must be overruled.

2. CRIMINAL LAW: alibi: cautionary instructions.

IV. Counsel argue that the State's case rests upon
the testimony of an accomplice, who is not corroborated, as
required by law. This question does not seem to have been
raised or ruled upon in the court below, and
does not, as we view it, fairly arise in this
case.

3. CRIMINAL LAW: accomplice: insufficient evidence.

There appears to be no evidence which
tends to show that the boy Johnson, to whom reference is
made by counsel, was a confederate or accomplice in the
alleged crime. The facts, so far as shown, are that the
threatening letter was first seen tacked to a door of Anna
Carson's house. In it was a warning to her to enclose $800
in a bundle, and leave it by a  post at a certain corner of
her lot before 11 o'clock of the following Saturday night.
Mrs. Carson took the letter to an officer, and it was plan-
ned to have her make up a dummy package of paper, and
leave it at the designated place, while a watch was set for
developments. Soon after 11 o'clock of Saturday night,
the watchers saw Voyle Johnson, a boy of 13 years of age,

approach the corner and pick up the package, and at once arrested him. He said to his captors, and testified on the trial, that, on the evening in question, he met the appellant on the streets, and appellant arranged with him first to go past the designated corner, and see if there was a package there, and, if so, to report to appellant. This he did, and appellant then wished him to get the package, and directed him how to approach the place; and it was while carrying out these instructions that he was arrested.

There is no evidence that the boy had any connection with the writing or sending of the letter, or had any knowledge or notice of what appellant expected to find in it. On this showing, there seems to be no sufficient ground for treating the young witness as an accomplice, or for applying the rule as to the testimony of accomplices to the case made by the State.

V. Aside from the question raised as to the testimony of an accomplice, it is not argued that the verdict of guilty is not supported by the evidence. Nor, indeed, can it be. If the jury believed the State's witnesses, a conviction was inevitable.

That a man of average common sense, who has maintained a fair reputation among his neighbors for integrity of character, should have conceived and attempted to carry out such a harebrained and preposterous criminal enterprise, hoping to elude detection and punishment, is almost incredible; and yet the history of crime is replete with examples of like folly.

We find nothing in the record upon which we are authorized to disturb the verdict, and the judgment appealed from is—*Affirmed.*

LADD, C. J., GAYNOR and STEVENS, JJ., concur.