STATE OF IOWA, Appellee, v. PAT O'BRIEN, Appellant.

CRIMINAL LAW: Alibi—Instructions. It is not error for the court to instruct that defendant's evidence on the issue of alibi must outweigh the evidence introduced by the State *to show that the defendant was engaged in the commission of said crime.*

*Appeal from Pottawattamie District Court.*—SHELBY CULLISON, Judge.

JANUARY 20, 1920.

THE defendant was convicted of the crime of robbery, and appeals. The facts, so far as necessary to an understanding of the case, are stated in the opinion.—*Affirmed.*

*John Tinley* and *Tinley, Mitchell, Pryor & Ross,* for appellant.

*H. M. Havner,* Attorney General, *F. C. Davidson,* Assistant Attorney General, and *Charles W. Lyon,* for appellee.

WEAVER, C. J.—The testimony on part of the State is to the effect that, about the hour of 10 o'clock on the night of June 9, 1917, W. G. Patton and John Buchanan together were walking from some point in the city of Council Bluffs in the direction of their respective places of residence, a little outside of the municipal limits. At the point where their routes separated, they stopped for a moment's conversation, and, while so engaged, they were approached by a man who drew a gun upon them in a threatening manner, and compelled them to hold up their hands while he searched their clothing and persons. From the person of Patton he

took and carried away about $17 in money, and a watch and chain valued at $50, and with the booty thus secured, disappeared in the darkness of the night. Two days later, the defendant was arrested, charged with the robbery.

On the trial, both Patton and Buchanan positively identified the appellant as the man who assaulted them and took the money and watch from Patton. Another witness, a policeman, also testifies to having seen the appellant in that immediate neighborhood, within a few minutes of the time of the robbery.

As a witness for himself, appellant denies his guilt, and swears that he was at his home during the entire night of the date named. He also offers other evidence, having more or less tendency to corroborate his defense. Nothing is clearer than that such case is for the jury, and that its verdict of guilty cannot be said to be without sufficient support.

Indeed, council do not attempt to argue that the verdict should be set aside on that ground, but base their demand for a reversal upon an alleged error in the charge of the court to the jury. In Paragraph 10 of its charge, the court directed the jury's attention to the matter of the defendant's alleged alibi. After defining and stating the nature of this defense, the court then proceeded as follows:

"The burden rests with the defendant to show this defense by the greater weight or preponderance of the evidence. It need not be shown beyond all reasonable doubt, but, in order to make it out, it must appear by the greater weight or preponderance of the evidence. If it appears from the evidence that, at the time the crime was being committed, if one was committed, the defendant was at his home, or at some place other and different than the place where the crime is claimed to have been committed, then the defendant should be acquitted. By a preponderance of the evidence, as the term is here used, is meant that the evi-

dence introduced by the defendant to show that he was at such other and different place at the time said crime was committed must *outweigh the evidence introduced by the State to show that the defendant was engaged in the commission of said crime."*

The criticism which counsel make of this instruction is directed against the closing sentence, which we have italicized. It is said that the only burden which the law places upon the accused who undertakes to establish an alibi has relation to time and place, and nothing more, and that this burden is improperly increased by charging that the testimony in its support must outweigh the evidence offered by the State to show that such accused person was engaged in the commission of the offense charged.

The language referred to could have been omitted without impairing the proper effect of the charge, because the true rule, as contended for by counsel for appellant, had been given and repeated elsewhere in such charge; but we are quite unable to conceive in what manner its giving could have worked any prejudice or injury to the defense. To say to the jury what counsel argue ought to have been said, that defendant's evidence tending to show he was at another and different place at the time the offense was committed must outweigh the State's evidence, tending to show that he was present at the time and place of the offense, has its fair equivalent in the trial court's statement that, to establish his alibi, the evidence tending to show he was elsewhere must outweigh the State's evidence that he was engaged in the commission of the crime.

It is hardly possible to conceive how the jury could have been misled to the defendant's prejudice by the court's use of the language criticised, or what other meaning the jury could have drawn from these words than the very idea which counsel say should have been embodied in the charge: that, to establish an alibi, the burden is upon the accused,

who asserts it, to show by a preponderance of the evidence that, at the time of the alleged offense, he was at another and different place; which, if true, precludes the idea of his participation therein.

The exception to the instruction cannot be sustained. We find no prejudicial error in the record, and the judgment of the trial court is—*Affirmed.*

LADD, GAYNOR, and STEVENS, JJ., concur.