STATE OF IOWA, Appellee, v. GEORGE TAYLOR, Appellant.

CRIMINAL LAW: New Trial—Change in Attitude of Jury. The fact
1 that a majority of the jury in a criminal prosecution was, at one state of its deliberations, in favor of an acquittal, places no obligatory duty on the court to grant a new trial.

CRIMINAL LAW: Sentence—Non-mitigating Circumstance. One con-
2 victed of lascivious acts with an infant may not justly find mitigation in the waywardness of his victim.

Headnote 1: 16 C. J. p. 1181 (Anno.)  Headnote 2: 31 C. J. p. 994.

*Appeal from Linn District Court.*—F. O. ELLISON, Judge.

JUNE 21, 1926.

The defendant was indicted for the violation of Section 13184 of the Code of 1924. Upon his plea of not guilty, trial was had, which resulted in a verdict of conviction. The court imposed an indeterminate sentence to the penitentiary, not exceeding the maximum period fixed by the statute. The defendant has appealed.—*Affirmed.*

*Patterson & North* and *Deacon, Sargent & Spangler,* for appellant.

*Ben J. Gibson,* Attorney-general, and *Neill Garrett,* Assistant Attorney-general, for appellee.

EVANS, J.—Section 13184 is as follows:

"Any person over eighteen years of age who shall willfully commit any lewd, immoral, or lascivious act in the presence, or upon or with the body or any part or member thereof, of a child of the age of sixteen years, or under, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person, or of such child, or of corrupting the morals of such child, shall be punished by imprisonment in the penitentiary not more than three years, or by imprisonment in the county jail not more than six months, or by fine not exceeding five hundred dollars."

The offense charged against the defendant was committed on the night of March 1, 1925, upon the person of Margaret Hill, a child of 14 years.

Some specific assignments of error are argued, which complain of certain rulings of the court in permitting leading questions to be put by the State to the prosecuting witness. We find none of these claims sufficiently meritorious to warrant a detailed discussion. We have read the entire evidence in the case. The specific matters thus complained of were quite inconsequential in their relation to the evidence as a whole, and could not

have resulted in any possible prejudice.  Neither can we say
that any of the rulings upon such evidence exceeded the dis-
cretion of the trial court.

In his motion for a new trial, the defendant presented the
affidavits of two jurors.  One of the affiant jurors declared that
she voted for an acquittal until the last ballot; that she believed

1. CRIMINAL LAW: the evidence insufficient to convict; that she still
new trial: so believed; that she did not believe otherwise
change in atti-
tude of jury. when she yielded her vote in the last ballot; that
one of her co-jurors broke down and cried, upon casting her vote
on the last ballot.  The other affiant juror declared that the jury
stood seven votes for acquittal upon the first ballot.  For the
reason set forth in such affidavit, the defendant claimed the
right to a new trial, and complains here of the refusal of the
trial court to grant the same.  Sufficient to say that the facts
thus set forth did not render the granting of a new trial obliga-
tory upon the trial court.  The jurors did agree to the verdict.
They were not induced to do so by any misconduct on the part
of other jurors.  They returned their verdict with unanimity to
the court, and announced and confirmed the same there.  This
ended their power of deliberation and of vacillation.  The reason
for such a rule is very apparent, and the law has been long
settled thereon.

The principal argument, however, of the defendant is di-
rected to the severity of the punishment.

We may well concede that the punishment is severe.  So is
all substantial punishment for any major crime.  The crime here
involved is a very revolting one, and is a special index of low

2. CRIMINAL LAW: moral character.  The defendant is a married
sentence: non-
mitigating man, 27 years of age, is engaged in business,
circumstance. which needs his attention, and has a dependent
family.  To a man thus situated, a confinement in prison is neces-
sarily a severe punishment.  On the other hand, he had the less
mitigation for his delinquency.  True, the prosecuting witness
was a wayward girl, disobedient at home and insubordinate at
school.  She had run away from home; she was busily seeing all
the sights of the city, and was tripping blithely along the peril-
ous road that ends in the underworld.  Shall her delinquency be
deemed a mitigation of defendant's offense?  As a sheep that was
lost, she was rescued by the Home of the Good Shepherd, an or-

ganized philanthropy; and in that fold she has been sheltered and confined ever since. Her rescue rendered her evidence available to the pursuit of those who had contributed to her delinquency. The purpose of the statute above quoted is to bring exposure and punishment upon those persons of mature years who have made prey of a child, however delinquent. In such a case, the delinquency of the child furnishes neither excuse nor mitigation to the offender. The offense is a grave one, and the offender must be made to so see it. It were better to repeal the statute than to stigmatize it in its enforcement with inadequate penalty. The statute fixes a maximum of three years in the penitentiary. The sentence imposed herein is indeterminate. The court could make it nothing else, unless it had wholly relieved the defendant from penitentiary confinement. The only question, therefore, before us at this point is whether the court properly imposed a penitentiary sentence. Neither the court below nor this court has any discretion as to the period of the confinement. We think the sentence was properly imposed. The statute confers upon the board of parole the duty to fix the final measure of the period of confinement.

The judgment below is, accordingly, affirmed.—*Affirmed.*

STEVENS, FAVILLE, VERMILION, and MORLING, JJ., concur.