STATE OF IOWA, Appellee, v. FRANK BIRD, Appellant.

JUNE 26, 1928.

REHEARING DENIED DECEMBER 14, 1928.

*Alex Holmes*, for appellant.

*John Fletcher*, Attorney-general, and *Neill Garrett*, Assistant Attorney-general, for appellee.

MORLING, J.—The sufficiency of the evidence to sustain conviction is conceded. A review is called for only to the extent necessary for the proper consideration of appellant's claim that he did not rely upon an alibi as a defense, and that the court erred in telling the jury that one of his defenses was an alibi.

I. The forgery alleged was the signing of the name of John Feaster to a receipt for a telegraphic remittance to Feaster of $30. This remittance was telegraphed from Richland Center, Wisconsin, to the Marquette Savings Bank, at Marquette, Iowa, January 13, 1927. The State's evidence was, in substance, that defendant, about 8 o'clock in the morning of January 13, 1927, went into the Marquette Savings Bank, at Marquette, in Clayton County, Iowa, said his name was John Feaster, and that he "had wired his wife at Richland Center, Wisconsin, to wire him some money at Marquette, and when the telegram came, he would call and get the money;" that he was there just "a minute or two;" that, about 1 o'clock, defendant again went into the bank, and produced a telegram to Feaster, advising him to call for the money, which, in the meantime, had been wired to the bank, received it, and receipted for it; that he did not stay over five minutes. Defendant's evidence was to the effect that he lived at Richland Center; that, hearing of a job of brick work at Monona, Iowa, on January 12, 1927, he started for that place, stayed over night at Marquette, and, about 8 o'clock in the morning of the 13th, went to the depot, and took the train at about 8:30 for Monona; that, at about 12, he went to the depot at Monona, and

found that the train was about 35 minutes late; that he took it back to Marquette, where he had to change to a freight train; that he put his baggage in a car, and started to the restaurant, but before he got to the door, the signal for starting the train was given; that he got aboard, and rode to Boscobel, Wisconsin, arriving there a little before 3 o'clock. He went nowhere in Marquette; did not leave the depot platform. Defendant testified that he did not know where the Marquette Savings Bank was, and had never been in it. The train record shows that the train from Monona arrived at Marquette at 1:24 P. M., and the freight left at 1:28 P. M. We infer that this last item of evidence was offered by the State. The bank is about a block and a half from the depot. Defendant produced witnesses whose testimony tended to corroborate his own, that he was at Monona and in a pool hall and at the depot there on the date of the alleged forgery, and that the train out of Monona for which he was waiting was late, and that he was in Boscobel about 4 o'clock. The court charged that defendant claimed an alibi, in that, at the time of the signing of the receipt "on the 13th day of January, 1927, at Marquette, Iowa, with which he stands charged, he was at a different place, so that he could not have participated in the commission of the offense;" that the burden was on defendant to prove this defense by a preponderance of the evidence, and if, in view of all of the evidence, the jury had a reasonable doubt as to whether defendant was at the place when the crime was committed, they should give defendant the benefit of the doubt, and find him not guilty; that defendant was not required to prove an alibi beyond a reasonable doubt; that, to entitle him to an acquittal, it was sufficient if the evidence raised a reasonable doubt of his presence at the time of the commission of the crime charged. Defendant argues that there is no evidence of  any alibi; that defendant admitted being in Marquette, "a small country village," as above set forth; that the distance of the place of the crime from the place where defendant was is not shown, and that there is no affirmative contention by evidence "attempting to show that, by reason of defendant's being in another place than that of the crime, it was impossible for him to have committed it;" that defendant's testimony as to his whereabouts was in-

cidental to a denial of the commission of the crime, and not offered as an affirmative defense of alibi.

We are of the opinion that defendant's evidence fairly raised the defense of alibi. The State's evidence placed the time of the crime at "about 1 o'clock," and defendant's stay in the bank at "not over 5 minutes." It must have taken some little time in the bank to have transacted the item of business in which it is alleged the commission of the crime occurred. The evidence introduced in behalf of the defendant that he was in the pool hall and at the depot at Monona that morning and noon, and that the train to Marquette was late, and that he did not have time between trains at Marquette to go to the restaurant or buy a ticket, though he started for the restaurant, as he says, "to get a sandwich, * * * and got the train without a sandwich," in connection with the evidence that the train from Monona arrived at Marquette at 1:24, and the train for Boscobel left in 4 minutes, if believed, would establish the physical impossibility of his having been in the bank at Marquette at "about 1 o'clock," and for the length of time that must, according to the State's evidence, have been consumed there. It is true that he admitted passing through Marquette, only between 1:24 P. M. and 1:28 P. M., however. But the effect of the evidence which he produced would, if believed, be that not only was he not present, but that he could not have been present at the time and place of the alleged commission of the crime. If the evidence offered by defendant was true, "he was at a different place, so that he could not have participated in the commission of the offense," as the court charged. The testimony on this point was more than merely incidental to a refutation of his signing the receipt, or an explanation of his whereabouts. *State v. Debner*, 205 Iowa 25; *State v. Wagner*, 207 Iowa 224.

II. Defendant urges that the instruction is confusing and misleading; that the evidence of alibi must be considered with all the evidence, and if, when it was so considered, there was a reasonable doubt, the jury must acquit; that, if defendant proved an alibi by a preponderance of the evidence, then, regardless of any reasonable doubt, they must acquit; that the instruction told the jury that the defense was that defendant was not at Marquette on the day of the alleged crime.

In a previous instruction, the jury were told, in substance,

that if, from a full consideration of all the facts and circumstances in evidence, or lack thereof, the mind hesitates, and is unable to arrive at a conclusion of guilt entirely satisfactory to itself, this would be a reasonable doubt, and the defendant should be given the benefit of it.

All of the law of the case cannot be given in a single sentence, or conveniently or orderly in a single paragraph. We are of the opinion that the instructions, taken together, are not confusing, misleading, or contradictory. The instruction did not require that the defendant should prove that he was not at Marquette at the time in question. The jury were told that defendant was not required to prove an alibi beyond a reasonable doubt, to entitle him to an acquittal. This was followed with the statement:

"It is sufficient if the evidence raises a reasonable doubt of his presence at the time of the commission of the crime charged."

The jury had been previously told that it was not necessary for the defendant to prove that he was not guilty, but that he was presumed to be innocent until his guilt was proven beyond a reasonable doubt, and that the burden of proof rested upon the State to establish the guilt of the defendant beyond a reasonable doubt. The statement of time and place in the instruction complained of was merely a recitation of the charge, and not a designation of required proof. The rule in this State is that an alibi as a definite issue must be established by a preponderance of the evidence, though if, upon the whole case, including the evidence of alibi, there is reasonable doubt, the defendant should be acquitted. *State v. Worthen*, 124 Iowa 408. The instructions taken together fairly presented the law on the subject.

III. The court in this connection added that the defense of alibi is easily manufactured, and that juries are advised by the courts to scan the proofs of it with care and caution. Defendant objects that this instruction disparaged the defense; but this court is committed to the rule that such an instruction is not error. Idem; *State v. Cartwright*, 188 Iowa 579.

IV. The instructions set out the substance of the indict-

ment, including the specification of time and venue, and told the jury that, in order to convict, the State must establish, beyond reasonable doubt, both of the facts that defendant feloniously signed the name of John Feaster to the instrument described and that he so signed with intent to defraud. Defendant contends that it was error not to specifically require the jury to find further on the time and venue. The indictment was returned on February 17, 1927. The only evidence offered by the State with respect to time and place was that the receipt alleged to have been forged was signed on January 13, 1927, at the Marquette Savings Bank, in Marquette, in Clayton County, Iowa. There was no evidence whatever having any tendency to show that the alleged forgery was committed at any other time or at any other place. The evidence of the State and of the defendant was introduced with reference to that time and to that place specifically and alone. The jury could not have found that the defendant signed the receipt unless they found that he did so on that date and at that place. There was no possible room for finding that the instrument might have been signed by defendant at any other place, as was the case in *State v. Kunhi*, 119 Iowa 461; *State v. Heft*, 148 Iowa 617. In the instruction on the subject of alibi, previously referred to, the jury were told that defendant claimed that, at the time of the alleged signing of the instrument, "on the 13th day of Jan., 1927, at Marquette, Iowa, with which he stands charged, he was at a different place * * * If, in view of all the evidence, you have a reasonable doubt as to whether the defendant was at the place when the crime was committed, you should give the defendant the benefit of the doubt, and find him not guilty * * * It is sufficient if the evidence raises a reasonable doubt of his presence at the time of the commission of the crime charged."

The State, in rebuttal, offered testimony that, about 8 o'clock in the morning, defendant was telephoning to Feaster's wife in Feaster's name for money, and after dinner received a telegram addressed to Feaster. This would be in rebuttal to evidence of alibi, which the State evidently understood was one of the defenses.

"In stating what was necessary in order to convict, the court omitted to mention that the offense must have been com-

218

mitted within 18 months previous to the finding of the indictment. The trial occurred October 16, 1900, and no evidence was offered tending to show that the crime was committed at any other time than September 8th of the same year. The jury must have found it to have been perpetrated then, if at all. The omission was without the slightest prejudice to the defendant." *State v. Steffens,* 116 Iowa 227.

" * * * it is at least equally well settled that if, from the entire record, it clearly appears that the error was harmless, it will not work a reversal." *State v. Miller,* 124 Iowa 429, 434.

"We have held in several cases that it is not error, even in a criminal case, to assume and treat as true a particular evidential fact which both parties admit to be true, and as to which there is no dispute." *State v. Graves,* 192 Iowa 623, 625.

The defendant could not possibly have been prejudiced by the omission of the court to require, in terms, the jury to find that the offense was committed in Clayton County, Iowa, within the time prescribed by the statute of limitations; and such omission is not reversible error. Idem; *State v. Goodsell,* 138 Iowa 504; *State v. Icenbice,* 126 Iowa 16; *State v. McCausland,* 137 Iowa 354; *Cook v. State,* 46 Fla. 20 (35 So. 665) ; *Cook v. State,* 13 Ga. App. 308 (79 S. E. 87) ; 16 Corpus Juris 969, 970.

V. The jury were charged that defendant testified as an interested witness, and that they should consider his testimony with all the surrounding circumstances developed by the evidence, giving it such weight with the other evidence as they thought it entitled to. Defendant complains that the bank cashier who testified to the defendant's signing the instrument in question was also interested, and that the instructions unfairly discriminated by singling out defendant and reflecting upon him. That the giving of such an instruction is not error is too firmly settled to now permit question. *State v. Weber,* 204 Iowa 137; *State v. Kendall,* 200 Iowa 483.

VI. The sentence was for 10 years, and defendant complains that this is excessive. The sentence, however, was under the Indeterminate Sentence Law (Code of 1924, Section 13960), and did not exceed the maximum (Section 13139, Code of 1924). The length of the imprisonment and the granting of a parole or pardon are under

the control of the board of parole and the governor, and the sentence for the maximum is not now open to the objection here made to it. Code of 1924, Chapters 188, 189; Code Supplement, 1913, Section 5718-a14 *et. seq.*; *State v. Davenport*, 149 Iowa 294; *State v. Dillingham*, 143 Iowa 282; *State v. Boyd*, 195 Iowa 1091; *State v. Giles*, 200 Iowa 1232; *State v. Overbay*, 201 Iowa 758. There was no error.—*Affirmed.*

STEVENS, C. J., and EVANS, DE GRAFF, KINDIG, and WAGNER, JJ., concur.

ALBERT, J., dissents on question of alibi.