STATE OF IOWA, Appellee, v. TEDDY SAMPSON, Appellant.

No. 42534.

JUNE 21, 1935.

Coyle & Coyle and Kelly & Kelly, for appellant.

Edward L. O'Connor, Attorney General, Walter F. Maley, Assistant Attorney General, and S. M. Nielsen, County Attorney, for appellee.

KINTZINGER, J.—The evidence tends to show that on the night of April 22, 1933, two strange men entered a store operated by Mr. Maurer, and, at the point of a gun, held up and demanded money from Mr. Maurer, and Mr. and Mrs. Anderson, employees in the store. One of the men took $2 from Mr. Anderson, $15 from Mr. Maurer, and the other took $115 in currency and about $170 in checks from the cash register.

The state offered as witnesses the three occupants of the store, on the night of the robbery, and they all testified that the defendant was one of the men who entered and held up the store that night.

The defendant introduced many witnesses to prove an alibi. Their testimony tended to show that he was not in Renwick that night; that he was at another place distant from Renwick, and if their testimony be true, the jury would have been warranted in finding that he could not have been at the scene of the crime when it was committed.

■■■ I. Appellant contends that the court erred in refusing a new trial because of misconduct of counsel in the following particulars: In his opening statement, the county attorney said:

"Mr. Maurer was just closing his store to go home shortly after midnight; that he had $130 and a roll of checks in his pocket, when these two young men came in. One of them is a man by the name of Harris, who is now serving time at Anamosa. Peculiar to the code these men operate under, he refuses at this time to come into court."

This statement was objected to by appellant as improper.

The county attorney also said:

"He, (defendant), has pleaded not guilty. An arraignment was had before that, and a bond was fixed in the sum of $2,000. He was unable to raise the amount of the bond."

Appellant's counsel "objected to any statement in relation to his inability to raise bond, because the same is immaterial and incompetent." Whereupon the court said:

"I think, Mr. County Attorney, it is your duty to state

to the jury what the issues are, and what the offense is, and then relate * * * in a short manner the substance of the testimony you expect to prove."

No request was made by appellant that the court admonish the jury, by instruction or otherwise, to disregard either of such remarks; and no exception was taken by appellant of the court's failure so to do. The court fairly instructed the jury that the burden was upon the state to prove defendant's guilt beyond all reasonable doubt. At the time these statements were made, there was no request for a mistrial, or for an admonition to counsel or to the jury, and the trial proceeded without any further reference thereto. While the remarks made by counsel are not to be commended, we do not find they were sufficiently prejudicial to warrant a reversal.

■■■ II. Complaint is also made of the court's order excluding witnesses from the court room. This request was made by the county attorney during the examination of Mr. Maurer, the state's first witness. The court sustained the request, and made an order excluding all witnesses from the court room, except Mr. Maurer, the prosecuting witness. Until this request was made, only one other state witness was in the court room. Thereafter, all witnesses except Mr. Maurer, were excluded. A number of witnesses testified for the defendant, but the record does not show how many of them were present before the order was made. There is nothing in the record tending to show that the defendant was in any manner prejudiced by the order. This matter is peculiarly within the discretion of the trial court and we find no error therein. Crull v. Louisa County, 169 Iowa 199, 151 N. W. 88; State v. Smith, 192 Iowa 218, 180 N. W. 4.

■■■ III. Appellant also contends that the court erred in instructing the jury that the burden was upon the defendant to establish the defense of "alibi" by preponderance of the evidence. The instruction complained of tells the jury that "The burden of establishing an alibi is upon the defendant who relies upon it, and the defendant, in order to rely upon an alibi, must prove the same by a preponderance of the evidence."

The rule of law in this state is well settled that in order to sustain this defense it must be established by a preponderance of the evidence. This is the clear meaning of the instruction complained of, and is in line with the rule established in this

state.   State v. O'Brien, 188 Iowa 165, 175 N. W. 769; State v. Wrenn, 194 Iowa 552, 188 N. W. 697; State v. Shields, 195 Iowa 1360, 192 N. W. 521; State v. Bird, 207 Iowa 212, 220 N. W. 110.

In instruction No. 10, the court said, inter alia:

"So in this case if the defendant has proven by a preponderance of the evidence that he was not present at the time and place of the alleged criminal act, then you should find him not guilty.   But if he has failed to show by a preponderance of the evidence that he was not present at the time and place of the alleged criminal act, then you should disregard the defense of alibi. * * * If upon the whole case the testimony before you raises in your mind a reasonable doubt that the defendant was present at the time and place in question, then it will be your duty to give the defendant the benefit of that doubt and acquit him."

We think these instructions fairly state the rule on the defense of alibi, and come within the well established rules laid down by this court thereon.   The instructions given correctly state that rule of law with reference to the burden of proof on alibi and we find no error therein.

IV.   Appellant complains of instruction No. 10 also relating to the defense of alibi, because it was not sufficiently clear and specific in failing to explain what is meant by the term "whole case".   That part of instruction No. 10 complained of is hereinabove set out.   It is our conclusion that the instruction fairly presents the law and is good as far as it goes.   If appellant had desired a more explicit instruction upon this question, it should have been requested.   No such request was made, and as the instruction is good as far as it goes, we find no prejudicial error therein.

V.   Appellant also claims that the jury, in arriving at their verdict, was guilty of misconduct in considering the question of a possible parole of defendant by the court.   The following recommendation was made in this case:

"Upon due consideration of all the circumstances of the case, we respectfully recommend to the court that the defendant be paroled by the court."   (Signed by all the jurors.)

It is apparent from this recommendation that it must have

been signed after the verdict was reached. Juries seldom reach a verdict on the first ballot, and sometimes many ballots, during a period of many hours, are taken before a verdict is reached. It is also a matter of common knowledge that in criminal cases juries sometimes make a recommendation for leniency to the court. The fact that a jury makes such a recommendation can hardly be considered sufficient misconduct to warrant a reversal of the case. It is the well-settled rule of law in this state that "it is not competent to show by affidavit of the jurors what influenced the verdict, for this necessarily is mere matter of opinion, and essentially inheres in the verdict itself." State v. White, 205 Iowa 373, loc. cit. 376, 217 N. W. 871, 872; State v. Gilliland, 187 Iowa 794, 174 N. W. 496; State v. Kirk, 168 Iowa 244, 150 N. W. 91; State v. Taylor, 202 Iowa 189, 209 N. W. 287.

VI. Appellant also claims that defendant is entitled to a new trial because the evidence is insufficient to support the verdict. We have carefully considered the evidence, as substantially disclosed in the statement of facts hereinabove set out. While the evidence on the defense of alibi is very strong, and may have been sufficient to warrant a verdict of not guilty, it is not within our province to rule on the facts. There was a sufficient conflict in the evidence to make that question one of fact for the jury.

VII. Error is also claimed because of the court's rulings on the objections to certain testimony. We have considered these objections, but find no merit therein.

For the reasons hereinabove set out, the judgment of the lower court is hereby affirmed.—Affirmed.

ANDERSON, C. J., and all Justices concur.