STATE OF IOWA, appellee, v. EMIL SCHLAK, appellant.

No. 50624.

(Reported in 117 N.W.2d 554)

OCTOBER 16, 1962.

REHEARING DENIED JANUARY 15, 1963.

Joseph L. Phelan, of Fort Madison, and Leon Miller, of Knoxville, for appellant.

Evan Hultman, Attorney General, John H. Allen, Assistant Attorney General, and Robert B. Dickey, Lee County Attorney, for appellee.

PETERSON, J.—On September 27, 1960, the Grand Jury of Lee County returned an indictment against defendant, Emil Schlak, as follows: "That Emil Schlak on or about the 18th day of September A.D. 1960, at the township of Keokuk in the

County of Lee, and State aforesaid did wilfully commit a lewd act upon the body of Carolyn Budde, a female child under 16 years of age, with the intent of arousing, appealing to or gratifying his lusts or passion or sexual desires, or of corrupting the morals of said child, the said Emil Schlak then being over 18 years of age, contrary to the provisions of section 725.2 of the 1958 Code of Iowa and contrary to the form of the statute, in such case made and provided, and against the peace and dignity of the State of Iowa."

On October 27, 1960, the case was tried and the jury returned a verdict of guilty against defendant.

I. On October 31st the trial Judge entered sentence partly worded as follows: "* * * defendant, Emil Schlak, be and he is hereby found guilty of the crime of lascivious acts with children in violation of the provisions of section 725.2 of the 1958 Code of Iowa, and that he be and he is hereby sentenced and committed to the Lee County Jail at Keokuk, Iowa, for a period of six months and ordered to pay the costs of this prosecution.

"It Is Further Ordered that the commitment under said sentence shall stand suspended during the good behavior of the said defendant and pending further order of this Court, and upon condition that the said defendant make application for mental treatment at a suitable mental hospital."

On February 24, 1961, the trial court entered order stating in part as follows:

"It Is Therefore Hereby Ordered that the suspension of the sentence of this Court dated October 31, 1960, is hereby revoked, and It Is Ordered that the defendant, Emil Schlak, is hereby sentenced and committed to the Lee County jail at Keokuk, Iowa, for a period of six months."

On February 25, 1961, defendant having appealed to the Iowa Supreme Court, the trial court entered an order fixing his bail bond at $2000, which was duly filed and approved. The appeal was duly presented in this court and the decision appears in State v. Schlak, 253 Iowa 113, 111 N.W.2d 289.

In the trial of the case in the District Court the State tendered the evidence of the prosecuting witness, and a friend who

was with her, and the evidence of two other girls 14 and 15 years of age as to an incident which occurred on April 29, 1960, approximately five months prior to the incident concerning which the indictment was returned.

In addition to the testimony of said four girls, 14 and 15 years of age, the State also tendered the testimony of a similar offense committed by defendant in September 1955. Said girl was 14 years old when she testified and was only nine years old when the offense was committed.

We held in State v. Vance, 119 Iowa 685, 687, 94 N.W. 204, with reference to the admissibility of proof as to similar offenses as follows: "Evidence as to other offenses is competent to establish (1) motive, (2) intent, (3) absence of mistake or accident, (4) a common scheme embracing the commission of two or more crimes so related to each other that proof of one tends to prove the others, and (5) the identity of the person charged with the commission of the crime on trial."

We are quoting this statement from the first Schlak case on page 116 of 253 Iowa, in view of its materiality as to the sentence against defendant in this second appeal.

When the case was before this court the first time by a divided court we held the offense committed in September 1955 was too far removed as to time, and could not properly be held against defendant as to the elements above outlined. For that reason we reversed and remanded the case for another trial.

II. It was again tried in the District Court of Lee County, Iowa, in December of 1961. The evidence offered at the second trial was substantially the same as that offered at the first trial, with the exception the State logically did not tender the testimony of the witness as to the offense against defendant which occurred in April of 1955. We will not repeat the facts as same appear in proper and adequate form in the decision heretofore cited.

On December 29, 1961, the trial court pronounced sentence against defendant holding that "he is hereby sentenced and committed to the Iowa State Penitentiary at Fort Madison, Iowa, for a term not to exceed three years."

The only question raised by defendant on this appeal is as follows: "Whether, in view of the sentence and punishment rendered by the judgment entered after conviction on the first trial, the sentence and punishment rendered after conviction on the second trial is excessive."

III. Unless the trial Judge is in error in the sentence pronounced by reason of specific statutory provisions which must be followed, as in State v. District Court, 248 Iowa 250, 80 N.W.2d 555, or unless the trial Judge abuses his discretion, we will not interfere with the sentence.

We have sustained this position in several recent cases. In State v. Small, 233 Iowa 1280, 1284, 11 N.W.2d 377, this court said: "The record does not show that there had been any previous conviction of the appellant [defendant] in any similar case. However, it is within the discretion of the trial court to impose a sentence not to exceed the maximum penalty authorized by law. It is the judgment of this court that it would not be justified in modifying the sentence of imprisonment and the fine imposed or in holding that it was excessive and unreasonable."

In State v. Albertson, 237 Iowa 1148, 1155, 24 N.W.2d 395, 398, 399, this court said:

"The trial court sentenced appellant to the penitentiary 'at hard labor for a period of not to exceed one year,' the maximum statutory penalty provided for the crime charged. It is urged upon us that the punishment fixed is excessive.

"Since the passage of the indeterminate-sentence law we have consistently held that if the crime is punishable, either by penitentiary sentence on the one hand or by fine and jail sentence on the other, the only discretion left to the court is to choose between them. * * *

"We see no reason for interfering here. The trial court was in a position to appraise the situation and his judgment in prescribing a penitentiary sentence will be upheld."

Also see as supporting said position State v. Giles, 200 Iowa 1232, 206 N.W. 133, 42 A. L. R. 1496; State v. Jenkins, 203 Iowa 251, 212 N.W. 475; State v. Bird, 207 Iowa 212, 220 N.W. 110.

We said in State v. Myers, 241 Iowa 670, 673, 42 N.W.2d

79: "Appellant further asserts that the judgment is excessive. The judgment pronounced was neither the minimum nor the maximum. Where the sentence imposed does not exceed the maximum it is only where an abuse of discretion is shown that we will interfere. State v. McMahon, Iowa, 211 N.W. 409; State v. Small, 233 Iowa 1280, 11 N.W.2d 377. We do not find an abuse of discretion."

■ In the case at bar the District Judge had the opportunity of observing defendant and the four teenaged girls who testified concerning his actions. The trial Judge's discretion was not abused in sentencing defendant to three years in the penitentiary. He could rightly and correctly determine from the evidence that the sentence pronounced not only properly meted out justice, but was for the best interest of teenaged girls wherever defendant might be in residence, and was for the best interest of society in general.

The case is affirmed.—Affirmed.

All JUSTICES concur.