STATE OF IOWA, appellee, v. GERALD R. SIMPSON, appellant.

No. 50708.

(Reported in 118 N.W.2d 606)

DECEMBER 11, 1962.

Lundy, Butler & Wilson, of Eldora, for appellant.

Evan L. Hultman, Attorney General, Roland D. Peddicord, Assistant Attorney General, and William N. Dunn, Hardin County Attorney, for appellee.

THORNTON, J.—For reversal of his conviction of lascivious acts with a child defendant urges it was error: (1) Not to submit to the jury the included offense of contributing to the delinquency of a minor, (2) to exclude evidence of specific acts relating to the morals of the prosecutrix, (3) to admit opinion

evidence of venue, and (4) in that the sentence was excessive. We do not find error in any of these respects.

The evidence shows prosecutrix was a girl 15 years of age at the time she first met defendant in June or July of 1961. At that time she accompanied him and four other men and had sexual intercourse with each of them. About two weeks later prosecutrix was again with the defendant and one other man. She and her mother were picked up by the two men at 2 a.m. and she again had sexual intercourse with both men. On a third occasion, about a week and a half later, defendant with two other men picked the prosecutrix up at 9 p.m. at her home. They drove into the country and again she had intercourse with the three men. The State elected to rely on the third occasion for ·conviction. Defendant's age was 24.

 I. The trial court refused to give an instruction on the included offense of contributing to the delinquency of a minor. From an examination of the two statutes involved, we hold contributing to the delinquency of a minor, sections 233.1 and 233.2 (all references are to the Code of Iowa, 1958, here applicable, all sections are identical in the 1962 Code), is not an included offense in the charge of lascivious acts with a child, section 725.2.

The pertinent Code sections are:

"725.2 Lascivious acts with children. Any person over eighteen years of age who shall willfully commit any lewd, immoral, or lascivious act in the presence, or upon or with the body or any part or member thereof, of a child of the age of sixteen years, or under, with the intent of arousing, appealing to, or gratifying the lusts or passions or sexual desires of such person, or of such child, or of corrupting the morals of such child, shall be punished by imprisonment in the penitentiary not more than three years, or by imprisonment in the county jail not more than six months, or by fine not exceeding five hundred dollars."

"233.1 Contributing to delinquency. It shall be unlawful to:

"1: Encourage any child under eighteen years of age to commit any act of delinquency defined in chapter 232 of this title.

"2. Send, or cause to be sent, any such child to a house of prostitution or to any place where intoxicating liquors are unlawfully sold or unlawfully kept for sale, or to any policy shop, or to any gambling place, or to any public poolroom where beer is sold, or to induce any such child to go to any such places, knowing them to be such.

"3. Knowingly encourage, contribute, or in any manner cause such child to violate any law of this state, or any ordinance of any city or town.

"4. Knowingly permit, encourage, or cause such child to be guilty of any vicious or immoral conduct. * * *."

"233.2 Penalty—bar. A violation of section 233.1 shall be punishable by a fine of not exceeding one hundred dollars or by imprisonment in the county jail not exceeding thirty days, or by both such fine and imprisonment. Said conviction shall not bar a prosecution of such convicted person for an indictable offense when the acts which caused or contributed to the delinquency or dependency of such child are indictable."

"232.3 'Delinquent child' defined. The term 'delinquent child' means any child:

"1. Who violates any law of this state punishable as a felony or indictable misdemeanor, or habitually violates any other state law or any town or city ordinance. * * *

"3. Who knowingly associates with thieves, or vicious or immoral persons.

"4. Who is growing up in idleness or crime. * * *."

"785.6 Finding included offense. In all other cases, the defendant may be found guilty of any offense the commission of which is necessarily included in that with which he is charged in the indictment."

"777.20 Conviction or acquittal—when a bar. A conviction or acquittal by a judgment upon a verdict shall bar another prosecution for the same offense, notwithstanding a defect in form or substance in the indictment on which the conviction or acquittal took place."

"777.21 Prosecutions barred. When a defendant has been convicted or acquitted upon an indictment for an offense consisting of different degrees, the conviction or acquittal shall be

a bar to another indictment for the offense charged in the former or for any lower degree of that offense, or for an offense necessarily included therein."

Defendant contends contributing to delinquency of a minor is necessarily included in lascivious acts with a child, and the evidence here is such the jury could properly find defendant guilty of such included offense. The State's position is contributing to delinquency of a minor is not an included offense because the legislature has taken away one of the elements of an included offense when it provided in section 233.2, "Said conviction shall not bar a prosecution of such convicted person for an indictable offense when the acts which caused or contributed to the delinquency or dependency of such child are indictable." And it was not error to fail to so instruct because under the evidence defendant was guilty of the offense charged or none at all.

Section 725.2 was first enacted by the Thirty-second General Assembly in 1907. The age of children protected was then 13, in 1923 this age was raised to 16. Sections 233.1 and 233.2 were first enacted by the Thirty-ninth General Assembly in 1921. Both were enacted to protect young people. In sections 233.1 and 233.2 the legislature set up a separate offense so far as our statutory law was concerned. It made this offense practically all-inclusive to cover the field of all possible acts or series of acts that would contribute to or cause the delinquency of a child under 18 years of age. In so doing, by enacting subsection 3 of section 233.1, "Knowingly encourage, contribute, or in any manner cause such child to violate any law of this state, or any ordinance of any city or town.", and subsection 4 thereof, "Knowingly permit, encourage, or cause such child to be guilty of any vicious or immoral conduct.", it took in the entire field of criminal law, both state and local. Recognizing this the legislature provided the conviction of this separate crime, a nonindictable misdemeanor, should not bar a prosecution for an indictable offense when the acts which caused or contributed to the delinquency or dependency are indictable. The intent of the legislature was to protect children. We will concede that the acts of sexual intercourse, shown in the evidence to be entirely

voluntary on the part of the girl, would contribute to her ·delinquency. But by providing such conviction shall not bar a prosecution for an indictable offense the purpose of the statute is effected. And it does not become a refuge for a serious offender.

▮ Appellant and the State agree that one of the elements of an included offense is that a conviction of the lesser bars a prosecution for the greater. See State v. Leedom, 247 Iowa 911, 76 N.W.2d 773; State v. McCall, 245 Iowa 991, 63 N.W.2d 874; State v. Marshall, 206 Iowa 373, 220 N.W. 106; and State v. Jacobson, 197 Iowa 547, 197 N.W. 638.

In passing on this we have not overlooked the scholarly opinion of Justice Traynor of the California Supreme Court in People v. Greer, 30 Cal.2d 589, 603, 184 P.2d 512, wherein it is stated it is inconceivable that acts described in their lascivious acts statute would not contribute to the delinquency of a minor. The California statute does not contain the provision that it shall not be a bar to a prosecution for an indictable offense. In discussing the legislative intent at page 520 of 184 P.2d, Justice Traynor points out:

"Had the Legislature wished to punish defendant once for statutory rape and once for lewd and lascivious conduct, for the same act, it could have done so in plain language."

In section 233.2 our legislature has done that. See also 22 C. J. S., Criminal Law, section 13, page 49.

▮ In addition to the foregoing, it should be pointed out that in this case the same evidence would prove a violation under section 725.2 and section 233.1. The only difference in elements of the crimes is that section 725.2 requires a specific intent and section 233.1 requires the act be performed "knowingly", either may be inferred from the nature of the act. An instruction on contributing to the delinquency of a minor as an included offense would have allowed the jury to decide on the crime after finding the fact issue of whether or not defendant was guilty of the acts charged. See Berra v. United States, 351 U. S. 131, 134, 135, 76 S. Ct. 685, 687, 688, 100 L. Ed. 1013.

▮ II. Defendant's contention it was error to allow the opinion testimony of the girl involved as to venue requires an

examination of the testimony on that issue. It is not necessary the venue be laid as to the first two occasions. She testified her home was at 615 Sherman Street, Iowa Falls, that she knew Iowa Falls was in Hardin County. Referring to the third occasion, she testified:

"They came over to my house about nine. I was not home alone. * * * Then I left with the three of them. * * * When I left with these three men we went out south and east of town, about five or six miles south and two or three miles east. We went out on the blacktop until we came to the first crossroad, then we turned to the right. We went about five miles to the right. * * * After we went out the blacktop and turned right and went about five or six miles we turned left then, and turned east. * * * I do not know what county I was parked in when this act * * * [referring to the third occasion] took place. I am not quite sure. It was about five or six miles east, or west, of Iowa Falls."

██ The only fair inference from this evidence is that the crime was committed either south, east or west of Iowa Falls in Hardin County within a radius of eight or nine miles. This is sufficient to send the case to the jury on the issue of venue. State v. Stumbo, 253 Iowa 276, 279, 111 N.W.2d 664, 665; and State v. Ladd, 252 Iowa 487, 106 N.W.2d 100, and citations in each. The jury could properly find the crime was committed in Hardin County. An examination of the official map published by the Iowa State Highway Commission shows that any such point is in Hardin County.

However, this is not all of the State's testimony on this issue. After the girl's cross-examination, she examined a map of Hardin County. She stated she had informed herself of the boundaries of Hardin County. She was then asked a question based on her examination of the map and her previous testimony whether the first occasion took place in Hardin County. She answered, "Yes, it did." This was not objectionable as calling for the opinion and conclusion of the witness. It amounts to saying, "The place was within the county lines as shown on the map." As to the next two occasions the witness was asked her opinion. Relating to the third occasion, the one on which

the State relied for conviction, she was questioned as follows:

"From your examination of this map and from the testimony you have previously given as to the location of this third act of sexual intercourse with the defendant when he was with Nehring and Rieks, do you have an opinion as to whether or not this took place in Hardin County? A. Yes.

"Q. Would you state what that opinion is?"

A proper objection was made that it called for the opinion and conclusion of the witness. The objection was overruled. The witness answered, "It was in Hardin County." It would not have been error to have sustained the objection. However, the witness could have testified to the same thing by a description of the county lines in relation to the place of the crime. Or the map could have been placed in evidence and the place indicated thereon. This was the effect of the testimony as given. See Wigmore's Code of Evidence, rule 100, page 158; Article 1, page 159; rule 100A, page 163; rule 107, Article 4, page 172.

█ If it was error to admit this testimony, it was error without prejudice, the same fact had been shown by competent evidence as pointed out above. State v. Olson, 249 Iowa 536, 560, 86 N.W.2d 214, 229; and State v. Stafford, 237 Iowa 780, 788, 23 N.W.2d 832, 836. This is not a case where incompetent evidence goes much further than any competent evidence in the record. State v. Wilson, 235 Iowa 538, 543, 17 N.W.2d 138.

█ III. Defendant contends it was error to exclude evidence of specific acts of immorality on the part of the girl involved because section 725.2 refers to "corrupting the morals of such child" thereby making the child's morals an issue in the case. What section 725.2 provides, is "* * * with the intent * * * of corrupting the morals of such child, * * *." It is not the child's morals but the intent of the accused that is in issue. This proposition is so patently without merit no further discussion is necessary. See State v. Taylor, 202 Iowa 189, 209 N.W. 287.

IV. Defendant's contention that his sentence of not to exceed three years in the reformatory is excessive is based on the bad character of the girl and sentences given others involved

with the same girl as set out in his amendment to his motion for a new trial.

Insofar as this claim is based on the girl's bad moral character, it is fully answered in State v. Taylor, 202 Iowa 189, 191, 209 N.W. 287. The fact the girl was wayward does not mitigate defendant's guilt.

In the amendment to the motion for a new trial defendant set out that three men were acquitted of lascivious acts, the charges of lascivious acts against seven other men were reduced to contributing to the delinquency of a minor, and a charge of rape was so reduced. All this with the same girl. Each of these eight were sentenced to 30 days in the county jail and to pay a fine of $100. The same trial Judge presided in each of those cases and in this one. In overruling the motion for a new trial the court points out the defendants who were acquitted took the stand in their own defense. This defendant did not. That the evidence in the cases varied as did the previous records of the defendants. And others, not mentioned by defendant in his amendment to the motion for a new trial, were sent to the penitentiary.

Neither the trial court nor this court has any discretion as to the period of confinement in the penitentiary. Section 789.13. The prisoner is subject to parole. Section 247.5. The discretion is only between a penitentiary sentence and a fine and jail sentence. Section 789.15; and State v. Albertson, 237 Iowa 1148, 24 N.W.2d 395.

Unless there is an error in the sentence by reason of failure to follow a specific statutory provision or there is an abuse of discretion we do not interfere with the sentence. State v. Schlak, 254 Iowa 669, 117 N.W.2d 554. There is no error as far as a specific statutory provision is concerned. And we do not find there is an abuse of discretion. In this record it does appear that this defendant had sexual intercourse with this 15-year-old girl on three separate occasions. Each time different men were with him. Of the persons who appear in this record defendant is the more consistent offender. We know nothing of defendant's previous record except as may be inferred from the observation of the trial court pointed out above. As sustain-

ing an affirmance see State v. Schlak, supra; State v. Dalton, 254 Iowa 96, 116 N.W.2d 451; State v. Kramer, 252 Iowa 916, 109 N.W.2d 18; and State v. Olander, 193 Iowa 1379, 186 N.W. 53, 29 A. L. R. 306.—Affirmed.

All JUSTICES concur except STUART, J., who takes no part.