**STATE of Iowa, Appellee,**

v.

**Larry PATTERSON, Appellant.**

**No. 53121.**

Supreme Court of Iowa.

Oct. 15, 1968.

Hamilton & Schill, Fort Dodge, for appellant.

Richard C. Turner, Atty. Gen., and James R. Martin, Asst. Atty. Gen., for appellee.

LeGRAND, Justice.

Defendant was charged by county attorney's Information with the crime of forgery in violation of section 718.1, Code of Iowa, 1966. He plead guilty to the charge and was subsequently sentenced to a term of not more than 10 years in the Men's Reformatory at Anamosa, Iowa.

Defendant appeals from that judgment on the ground his sentence is too severe. He claims the trial court abused its discretion in imposing sentence, basing his contention on two grounds. Defendant asserts, first, the trial court did not comply with that portion of section 247.20, Code of Iowa, 1966, which authorizes a pre-sentence investigation prior to entry of judgment. Next, he charges he was not allowed his right of allocution as provided in section 789.6, Code of Iowa.

Defendant's argument is based partially on the assertion the county attorney's version of the crime and that of defendant were entirely dissimilar. This, he says, should have alerted the trial court to the

necessity for an exhaustive investigation before imposing sentence.

Defendant ignores the fact that under either version he was guilty of the offense charged. It is interesting to note he does not claim he was innocent, only that there was disagreement as to how the crime was accomplished.

The matter arises because section 718.1 permits a fine or a jail term as alternatives to the penitentiary sentence. Defendant was naturally disappointed with the more severe punishment and hence this appeal. We affirm the trial court's action.

I. We have held many times the measure of punishment meted out to a defendant lies within the discretion of the trial court. Section 789.15, Code of Iowa; State v. Schlak, 254 Iowa 669, 672, 673, 117 N.W.2d 554; State v. Cupples, 260 Iowa 1192, 152 N.W.2d 277, 280. We have also held we will not interfere with a sentence unless there has been a clear abuse of discretion. State v. Simpson, 254 Iowa 637, 645, 118 N.W.2d 606, 611; State v. Cupples, supra.

Defendant insists, however, the trial court's action here violates what we said at page 280 of the Cupples opinion, "It was the duty of the trial court to ascertain any and all facts which would assist in the proper exercise of its discretion in fixing defendant's sentence, whether in or out of the record. * * * The trial court and we on review should weigh and consider all pertinent matters in determining proper sentence, including the nature of the offense, the attending circumstances, defendant's age, character and propensities and chances of his reform. The courts owe a duty to the public as much as to defendant in determining a proper sentence. The punishment should fit both the crime and the individual. * * *" Defendant also reminds us that we pointed out in State v. Kulish, 260 Iowa 138, 148 N.W.2d 428, 432, it is better practice for the trial court to order a pre-sentence investigation.

Defendant contends the court's duty can be discharged only by ordering a pre-sentence investigation. We have never so held. We have simply recommended it as the better way. Here, as discussed in Division II, the trial court heard the plea of defendant's counsel for parole and obtained considerable information from the defendant himself. We assume neither overlooked the opportunity to call the trial court's attention to any favorable circumstances bearing on the matter of leniency of sentence or probation. There is nothing to indicate a pre-sentence investigation could have done more.

Section 247.20, Code of Iowa, 1966, as amended by the 62nd G.A., authorizes the court to order a pre-sentence investigation and procure a pre-sentence report before determining what punishment should be given. The pertinent part of that section provides, "* * * The said court shall have authority by record entry to withhold execution of any judgment or sentence for such time as shall be reasonably necessary for an investigation with respect to suspension of sentence and probation The investigation shall be made by a probation officer, by the agency in charge of parole agents, or by another appropriate agency, as determined by the court. * * *"

Certainly such an investigation can be very helpful to the trial court, and its use should be encouraged. As heretofore noted we have said that it is better practice to follow the procedure authorized by section 247.20. State v. Kulish, supra. However, this is not the sole method by which the court may inform itself as to matters important to the proper exercise of its sentencing discretion; nor are the provisions of section 247.20 obligatory. They permit, but do not require, the trial court to order a pre-sentence investigation. The statute leaves the use of such procedure to the discretion of the trial court. We cannot say the mere failure to order such an investigation is an abuse of the trial court's discretion.

■ II. Defendant also claims the court failed to accord him his right of allocution under section 789.6, Code of Iowa, 1966, which provides as follows:

"When the defendant appears for judgment, he must * * * be asked whether he has any legal cause to show why judgment should not . be pronounced against him."

It is quite true the trial court did not accord this privilege in the language of the statute, but defendant nevertheless was given the opportunity, both through his attorney and personally, which the section contemplates. The record shows the trial court specifically asked defendant's counsel to make a statement, which he did at considerable length, before sentence was pronounced. Then the trial court carried on an extended question and answer colloquy with defendant himself, during which defendant had ample opportunity to volunteer any information helpful to his cause or which would constitute reason for withholding sentence.

The very purpose of the trial court at this time was to elicit such facts. This must have been apparent to both defendant and his counsel. Certainly ·defendant cannot now assert he was not given the opportunity to make a statement simply because that opportunity was not couched in the precise words of the statute. The important thing is whether defendant had his chance to point out any reason for withholding judgment. We find he did. The trial court was careful to give both defendant and his counsel the right to be heard.

It might be noted, too, that nothing appears in the record to suggest defendant in fact had any legal cause why sentence should not be imposed. We mentioned this factor in State v. Rinehart, 255 Iowa 1132, 1139, 125 N.W.2d 242, 247 in considering a similar complaint.

We hold there was no abuse of discretion by the trial court in pronouncing sentence.

The judgment of the trial court is accordingly affirmed.

Affirmed.

All Justices concur.