State v. Meshek.

REVERSED.

STATE v. MESHEK.

1. **Criminal Practice:** OPENING STATEMENT TO JURY. The district attorney, in his opening statement to the jury, may state the facts material to the case which he expects to prove; and the objections to the statements made in this case (see opinion) *held* not well taken.

2. **Practice in Supreme Court:** INDEFINITE REFERENCE TO VOLUMINOUS TRANSCRIPT. Where counsel in a civil case refer the court to —— page of a voluminous transcript to find the record of an error complained of, the court will not feel bound to make the required examination; but in a criminal case, where defendant has been convicted of a serious crime, it is the duty of the court to examine the record, whether errors are pointed out or not.

3. **Instructions:** AS TO TENDENCY OF EVIDENCE. Where certain facts are established on a trial beyond dispute, there can be no error or prejudice in the court's saying to the jury, in an instruction, that there is evidence tending to prove such facts.

*Appeal from Tama District Court.*

WEDNESDAY, JUNE 13.

INDICTMENT FOR MURDER. There was a conviction of murder in the second degree, and the defendant appeals.

*W. H. Stivers*, for appellant.

*Smith McPherson, Attorney-general*, for the State.

SEEVERS, J.—I.  In his opening statement to the jury, the district attorney made a full statement of what he expected to prove, and, among other things, he said that on the evening preceding the homicide the defendant had a difficulty with one Cresek, and that he made an assault upon the latter.  When the parties were about to separate, Cresek told the defendant, in substance, that he "would take the law to him."  On the same evening or night, Cresek filed an information against the defendant before a justice of the peace, who thereupon issued a warrant for the arrest of the defendant, and it was while the deceased, a constable, was attempting to make the arrest on the warrant, that the homicide was committed.  The district attorney further stated that immediately after the conclusion of the difficulty with Cresek the defendant procured the revolver with which the fatal shot was fired.  The defendant objected to the district attorney stating to the jury anything about the difficulty between the defendant and Cresek, but the objection was overruled, as we think, correctly.  Because of that difficulty, the warrant for the arrest of the defendant was issued.  The defendant was informed that Cresek would make the attempt to punish him for the act done, as provided by law, whereupon he procured the revolver.  The defendant sought to excuse the homicide on the ground that he acted in self defense.·  It is true, the district attorney was unable to obtain evidence to sustain some of the foregoing statements, but he made them in good faith, believing, and having good reason to believe, that he would be able to introduce evidence sustaining all of them.  Such evidence, we think, would have been material, and had a tendency to show the object and motive in procuring the revolver, and that the plea of self defense was an afterthought.  We do not think that there was prejudicial error in allowing the statement to be made.

*1. CRIMINAL practice: opening statement to jury.*

II.  This case was before the court at a former term.  The

evidence now is substantially the same as then.   For a state-
ment of the material facts, see 51 Iowa, 308.   In
the printed argument, counsel for the appellant
states that the affidavit "of Cresek, upon which
the warrant of arrest was issued, was read in evi-
dence by the state to the jury."   It is said that this appears
on — page of the transcript.   The transcript contains near five
hundred pages, and counsel would have greatly abbreviated
our labors, and made a mistake on our part impossible, if he
had stated the page of the abstract on which the evidence of
the claimed fact was to be found.   If this were a civil case,
we incline to think we would not feel bound to make the re-
quired examination, when counsel for some unknown reason
have seen proper to make such an indefinite reference.

2. PRACTICE in supreme court: indefinite reference to voluminous transcript.

As this is a criminal case, and the defendant has been con-
victed of a serious crime, it is our duty to look through the
record, whether our attention is called to any errors therein
or not.   This we have done, and we have been unable to find
in the transcript any evidence of the asserted fact.   But con-
ceding the fact to be as stated, we think both the information
and warrant were admissible in evidence.

III.   The court instructed the jury as follows: "It is con-
ceded that Charles Whitely is dead, and there is evidence
tending to prove that he came to his death from
the effects of the discharge into his body of the
contents of a pistol held in the hands of defend-
ant and discharged by him.   There is also evidence tending to
prove that, at the time said Whitely received the injuries of
which he is alleged to have died, he was acting constable of
Carroll township, in Tama county; that he then and there had
a warrant to arrest the defendant on a criminal charge, and
he was killed by defendant while attempting to make said
arrest.   On this subject you are instructed that if you believe
from the evidence that said Whitely was, at the time alleged,
acting as constable of said township, in said county; that he
then and there had a warrant for the arrest of defendant; that

3. INSTRUC-TIONS: as to tendency of evidence.

State v. Meshek.

said Whitely went to defendant's house with said warrant; that he told defendant that he was a constable and had a warrant for his arrest, and laid hold of him and told said defendant that he was his prisoner, and you further believe that the defendant then and there willfully shot and killed Whitely, then he is guilty of murder in the second degree." This instruction is objected to because the court stated there was evidence tending to prove certain facts, and therefore it is erroneous. The determination of this question requires a brief reference to the undisputed facts. The defendant was a witness in his own behalf, and admitted that he fired the fatal shot. No evidence was introduced contradictory to that introduced by the state, that Whitely was a constable, and that he was shot while attempting to arrest the defendant on a criminal charge. This being so, the court did not err in saying to the jury what such evidence tended to prove. This amounts to no more than saying that the state claims there is evidence tending to show, etc.

It in fact was not, and could not be, a controverted question on the trial, that the deceased, a constable, was killed while attempting to make an arrest. The instruction is, in our opinion, in every respect favorable to the defendant. It is suggested that certain other instructions given the jury are erroneous. But the suggestions are not pressed in argument. No authorities are cited. We therefore deem it sufficient to say that we think the instructions, as a whole and singly, are fully as favorable to the defendant as the law will justify. We are asked to disregard the evidence introduced by the state, and find that the witnesses are unworthy of belief. There is really no ground upon which to base this claim. Conceding the witnesses for the state worthy of belief, the verdict is clearly right.

AFFIRMED.