THE STATE OF IOWA v. S. E. CARTER, Appellant.

**False Pretenses:** CHARITABLE GIFTS. Obtaining money as a charitable gift, by false pretenses, is a false pretense.

INDUCEMENT. On a prosecution for obtaining a signature to a bank check by false and fraudulent representations, it is not necessary that the false pretenses be the sole inducement to the obtaining of the check, but, if they had material or controlling influence, they are sufficient.

MATERIALITY. Where defendant, charged with obtaining signature to a bank check by false and fraudulent representations, stated

to the person who signed the check that he had bought a team; that he had just learned that it was mortgaged and that the mortgage must be immediately redeemed; that he had not sufficient money to make the redemption; and that without the sum of $35.00 he would lose the property purchased, or the amount paid thereon,—and such person relied thereon,—the pretenses were material.

INDICTMENT: *Charge in alternative.* Where an indictment for obtaining the signature to a bank check by false and fraudulent representations purports to give the statements and representations made by defendant, it is not invalidated by the fact that some of such statements and representations are in the alternative, and are so stated.

*Reliance.* An indictment for obtaining a signature to a bank check by false representations, which charges the person who signed the check believed the representations were true, and that he would not have signed or delivered it to defendant had it not been for representations so falsely and fraudulently made, sufficiently charges that the signer relied on the alleged false representations.

*Description of thing obtained.* An indictment charging that the defendant, by false representations, obtained the signature of M. to a written instrument commonly called a "bank check," the false making of which would be punished as forgery, "for the sum of $35.00, and the said M. did then and there draw and sign said bank check, and deliver the same to said defendant," sufficiently describes the instrument.

EVIDENCE: *Timely objection.* Where, on a prosecution for obtaining the signature to a bank check by false representations, evidence that the defendant made similar representations to a certain other person and procured $25.00 from him by reason thereof, is improperly admitted without proof of the falsity of such representations, a motion to strike was not too late, since, if followed by proof of the falsity of the representations, the evidence would have been material, and until it appeared that it would not be so followed, objections thereto would have been overruled.

CORPUS DELICTI. Where, on a prosecution for obtaining a signature to a bank check by false and fraudulent representations, the statements and representations charged are established, their falsity appears, and it is shown that the signer relied thereon and was induced thereby to sign and deliver the check, the *corpus delicti* is sufficiently proved.

Similar representations: *Falsity essential.* On a prosecution for obtaining a signature to a bank check by false representations, evidence that the defendant made similar representations to a certain person, and procured $25.00 from him by reason thereof, which he never repaid, is inadmissible, in the absence of proof that such representations were false.

Province of jury. Where, on a prosecution for obtaining the signature to a bank check by false representations, defendant introduced no evidence and the case was submitted on the state's evidence, an instruction that the "proof shows beyond all controversy that said M. signed said check at the time named in the indictment" is erroneous.

Reliance: *Jury question.* Where, on a prosecution for obtaining a signature to a bank check by false and fraudulent representations, the question was whether or not the person who signed the check was defrauded by the statements made to him, and was induced thereby to sign the check, it was properly submitted to the jury.

*Appeal from Warren District Court.*—Hon. James D. Gamble, Judge.

Thursday, October 4, 1900.

Defendant was indicted, tried, and convicted of the crime of obtaining the signature to an instrument by false and fraudulent representations, and from the sentence imposed appeals.—*Reversed.*

*Bowen & Brockett* for appellant.

*Milton Remley,* Attorney General, for the State.

Deemer, J.—The state claims that defendant procured from one J. L. Miller a check for $35.00, drawn on the Indianola Bank, by falsely and fraudulently representing that he (defendant) had been to St. Charles, Iowa, and had bought a team of one Clanton; that he had just learned that the team was mortgaged, and that the mortgage must be immediately redeemed; that he had not sufficient money with which to make redemption; and that without the sum of $35.00 he would lose the property purchased or the amount paid thereon.

The first point made by appellant is that the indictment is not sufficient, because the check is not copied or set out at length therein. The indictment charges that defendant obtained Miller's signature to a bank check for the sum of $35.00, and concludes, "a more specific description of said check being unknown to this grand jury." Ordinarily, this would be a sufficient excuse for not setting forth the instrument in *haec verba,* even if an exact copy was required. But it is said that the county attorney had access to the check at and prior to the time he drew the indictment, and that this fact is fatal. Conceding, for the purposes of the case, that the allegations of want of knowledge of the description of an instrument referred to in an indictment may be contradicted, yet we do not think it necessary to set forth a copy of the check. Such a description must be given, however, as will suffice to identify it with accuracy and certainty when offered in evidence. *Com. v. Coe,* 115 Mass. 481. The indictment, as we have seen, charges that defendant obtained the signature of J. L. Miller to a written instrument commonly called a "bank check," the false making of which would be punished as forgery, "for the sum of thirty-five dollars," and the "said J. L. Miller did then and there draw and sign said bank check, * * * and deliver the same to said S. E. Carter." This, to our minds, is a sufficient description of the instrument. *Bonnell v. State,* 64 Ind. 498, relied on by appellant's counsel, differs from the instant case in this: that in the *Bonnell Case* the date of the check was not given, nor did it appear who made or executed the same. *Com. v. Brettun,* 100 Mass. 206, supports our conclusions.

Again, it is said the indictment does not charge that Miller relied on the alleged false representations. It charges that Miller believed the same were true, and that he would not have signed the check, nor delivered it to defendant, had it not been for the representations so falsely and fraudulently made. This was sufficient. *State v. McConkey,* 49 Iowa, 499; *People v. Jacobs,* 35 Mich. 36,

Again, it is said that the representations are charged in the alternative, and do not relate to any material past or present fact. Neither of these objections is tenable. The indictment purports to give the statements and representations made by defendant, and if it be conceded that some of these were in the alternative, and were so stated, it does not invalidate it. The representations charged were of a past event, and some of them were material as will hereafter appear.

II. The *corpus delicti* was sufficiently proven. The statement and representations charged were established, their falsity appears, and it is also shown that Miller relied thereon, and was induced thereby to sign and deliver the check.

III. The state offered evidence to show that defendant made somewhat similar representations to one M. W. Miller, and procured $25.00 from him by reason thereof, which he has never repaid. In *State v. Lewis*, 96 Iowa, 298, we quoted with approval from 7 Am. & Eng. Enc. Law, 780, as follows: "It is now generally held that, for the purpose of proving the intent, evidence of similar pretenses, made about the time and in the same neighborhood to other persons, of the pretenses alleged in the indictment, may be introduced." The representations made to M. W. Miller were sufficiently connected in point of time to be admissible under this rule, and, had it been shown that they were false, there would have been no error in receiving them in evidence. But there was no proof whatever that they were false, and defendant's motion to exclude should have been sustained. The attorney general's contention that objection should have been made to the questions that elicited the evidence, and that the motion to strike came too late, is without merit. When the evidence was offered it was not necessarily objectionable. If followed by proof of the falsity of the representations, it would

have been material, and, until it appeared that it would not be so followed, defendant's objections would have been over-ruled. *Wilkins v. Insurance Co.,* 57 Iowa, 529, relied on by the state, is not in point. It is true defendant moved for a verdict on the evidence adduced by the state. But it also appears that he offered no evidence, and that the case was submitted on the evidence introduced by the state. The case comes to us on exceptions to the rulings on the motion to exclude the evidence relating to similar transactions to that with which defendant is charged, and on exceptions to an instruction to the effect · that such evidence was admissible on the question of intent. In the *Wilkins Case* the court overruled defendant's de-murrer to the evidence, and rendered judgment for plaintiffs, and the appeal was from that ruling. The case was sub-mitted to the jury, and no question was presented on appeal save the sufficiency of plaintiff's evidence.

IV.    The court instructed that the "proof shows be-yond all controversy that the said J. L. Miller signed said check at the time named in the indictment." This was clearly erroneous. *State v. Lightfoot,* 107 Iowa, 344. As defendant introduced no evidence, the court might as well have said that, as there was no contradiction in the evidence, all the elements of the crime were estab-lished. This, of course, it could not do. What it did do was no less objectionable.

V.    Lastly, it is said that the representations made by defendant were not material, and that if true they would have been of no advantage to the party defrauded. To make out the offense, it must be shown that the pretense was of a past event or existing fact, that it was false, calculated to deceive, and was believed and relied on by the party defrauded. *State v. Montgomery,* 56 Iowa, 195. The question as to whether or not Miller was de-frauded by the statements made to him, and was induced thereby to sign the check, was properly submitted

to the jury.   Defendant made the statements relating to the purchase of the team and other property, and the existence of a mortgage on the same, and the time redemption would expire, for the purpose of inducing Miller to execute the check, and if he (Miller) relied thereon the jury was justified in finding that the pretenses were material.   It is not necessary that the false pretenses be the sole inducement to the obtaining of the check.   If they had a material or controlling influence in inducing the delivery of the check, they are sufficient.   *State v. Fooks,* 65 Iowa, 196.   *State v. Nine,* 105 Iowa, 131, relied on by appellant, is not in point, as an examination will show.   A false representation by defendant of his means or resources, or as to his ownership of property, or as to the amount of his indebtedness, may be a false pretense.   *State v. Fooks, supra.*   The pecuniary test suggested by defendant's counsel is not always correct.   In Massachusetts it is expressly held that obtaining money as a charitable gift by false pretenses is an offense under the statutes of that state, which are almost identical with our own.   *Com. v. Whitcomb,* 107 Mass. 486.   See, also, *State v. Matthews,* 91 N. C. 635.   This, we think, is the correct rule, notwithstanding the discordant tone of some of the cases from other states.   The reasons for protecting persons who part with their money from motives of benevolence are as strong as those for protecting persons who part with it from self-interest.   Charity should be protected as well as trade.   For the errors pointed out the judgment is REVERSED.

GRANGER, C. J., not sitting.