112  433
,128  720

### THE STATE OF IOWA v. JESSE BIGE, Appellant.

**Seduction:**  EVIDENCE:  *Admissibility.*  On a prosecution for seduction, evidence of an indecent remark by a male acquaintance in prosecutrix's presence, though not shown to have been addressed to her, is admissible, with further evidence to show whether it caused indignation on her part, as bearing on her previous chaste character.

*Same.*  On a prosecution for seduction, evidence that prosecutrix, before the alleged seduction, knowingly associated with men of bad character is admissible, as bearing on the question of her chaste character.

INSTRUCTIONS:  *Province of jury.*  On a prosecution for seduction, it is error for the court to instruct the jury that as there was no controversy as to the prosecutrix being an unmarried woman, and the crime having been committed within 18 months prior to the indictment, they were only to consider whetner she was of chaste character, and whether accused had seduced her, since the court cannot instruct that an essential fact is established, though there is no evidence to the contrary.

*Appeal from Hamilton District Court.*—HON. J. R. WHITAKER, Judge.

WEDNESDAY, DECEMBER 19, 1900.

DEFENDANT was convicted of the crime of seduction. From the judgment following, he appeals.—*Reversed.*

*Wesley Martin* for appellant.

*Milton Remley,* Attorney General and *Chas. A. Van Vleck,* Assistant Attorney General, for the state.

SHERWIN, J.—In the second paragraph of the instructions given, the court told the jury that the state must prove, as material matter, that the prosecutrix, Anna Puffenbaugh,

was an unmarried woman; that the crime charged was committed within 18 months prior to the finding of the indictment; and that it was committed in Hamilton county. In the fourth paragraph of the charge the court instructed as follows: "There is no dispute or controversy, if the offense was committed at all, as to the material allegations required by the state to prove, numbered 1, 4, and 5 in the second instruction given above. It is therefore only necessary for you to consider whether said prosecutrix was, before the alleged offense, of chaste character; and, second, whether the said defendant seduced and debauched her." In this instruction the court took from the consideration of the jury the very matters which it had previously properly said were material for the state to prove to make its case. This was clearly error. Questions of law are for the court to determine, and all fact issues arising in criminal cases must be determined by the jury. As is said in some of the cases, the jurors are the sole judges of the credibility of all witnesses who testify before them, and they are not bound to, nor can they be compelled to, credit the testimony of any witness, whether controverted or not. This rule has been so recently, and, as we think, so fully, discussed and clearly defined in the case of *State v. Lightfoot,* 107 Iowa, 344, that we need cite no other authorities in support of it. The instruction given in *State v. Meshek,* 61 Iowa, 316, is not the same as the one given in this case. There the jury was told that the evidence tended to prove certain things, but the ultimate conclusion to be drawn therefrom was left to the jury. The same is true in *State v. Fountain,* 110 Iowa, 15. There, though inaccurate statements were made to the jury, the ultimate finding as to material facts was left to it. The other cases cited and relied on by the state are civil, in which, of course, the rule is not applicable.

II. Complaint is made of the sixth paragraph of the court's charge, but, taken as a whole, we think it not prejudicial, though perhaps somewhat inconsistent.

III.    Just complaint is made of the exclusion of the testimony of Albert Doolittle.    The defendant sought to prove by him a grossly indecent remark made in the presence of the prosecutrix and her sister by male acquaintances with whom they were at the time.    It was not shown that the language was addressed to the prosecutrix individually, but it was competent to show that it was made in her presence, and to further show whether it caused indignation on her part, or whether her acts indicated that she sanctioned it.    It was also claimed to have been made by a young man who was paying her some attention about the time she claimed to have been seduced by the defendant.    Surely this evidence should have been admitted on the question of her previous chaste character, if for no other reason.

IV.    Evidence was offered tending to prove that the prosecutrix had, before her alleged seduction, associated with men of bad character, and knowingly so.    This evidence was refused and stricken from the record.    One of the well-recognized means of determining character is by association, and, while such evidence is in no way conclusive, it is still true that such association may be shown as bearing upon the question.    Its weight under all the circumstances proved was for the jury, and it should have been received for its consideration.

As this case must be reversed for the errors pointed out, we leave the question of the sufficiency of the corroborating evidence with the statement that we find some in the record which the jury might properly consider.    Other questions discussed are not likely to arise on a retrial.    Reversed and remanded for a new trial.—REVERSED.