THE STATE OF IOWA, v. HAROLD ANDERSON, Appellant.

**Criminal law:** DECLARATIONS OF CONSPIRATORS: ADMISSIBILITY.  Before the declarations of one alleged confederate are admissible against another it must appear that a confederation existed at the time of their utterance.  On this prosecution for burglary the rule was satisfied by a showing that they were together at the burglarized premises and came away carrying stolen property; if, however, there was any error in admitting the evidence in this case it was not prejudicial, for defendant admitted all the declarations it tended to establish.

**Same:** BURGLARY: INDICTMENT: DESCRIPTION OF OFFENSE.  Where the defendant conceded that he committed an act constituting the crime of burglary, the fact that the indictment charged him with breaking and entering a railway car while the proof showed that the structure entered was the box of a freight car, with the trucks removed and occupied by trainmen as a boarding house, was not such a variance as to require a reversal; for even though there was a misdescription of the place the indictment was subject to amendment, and a remanding of the case for that purpose would be of no advantage to defendant.

**Same:** INSTRUCTIONS: ASSUMPTION OF FACT.  The court in a criminal case may assume and treat in its instructions as true a particular evidential fact which both parties admit, and concerning which there is no controversy.  Thus as both parties treated the structure burglarized in this case as a railroad car, the instruction that the jury should find such to be the fact did not constitute an interference with the province of the jury, and was not prejucial to the defendant.

*Appeal from Wright District Court.*—HON. R. M. WRIGHT, Judge.

THURSDAY, APRIL 4, 1912.

THE defendant was indicted for breaking and enter-

ing a railroad car in the possession, control, and custody of the Chicago Great Western Railroad Company, in which said car, goods, merchandise, and other valuable things were kept for use and deposit, etc. On a trial to a jury he was convicted and sentenced to imprisonment in the state reformatory. From this sentence, he appeals.—*Affirmed.*

*Birdsall & Birdsall,* for appellant.

*George Cosson,* Attorney-General, and *John Fletcher,* Assistant Attorney-General, for the State.

McCLAIN, C. J.—The statute provides a punishment for breaking and entering "any office, shop, store, warehouse, railroad car, boat or vessel, or any building in which any goods, merchandise, or valuable things are kept for use, sale or deposit." Code section 4791. The evidence showed that defendant broke and entered a frame structure which had at one time been the box or body of a freight car, but at the time was without wheels or trucks under it, resting on some timbers lying on the ground within the railroad right of way. At this time it was occupied by section hands as a lodging place. Defendant admitted crawling into the car through a window, in company with two other persons, and taking therefrom certain articles of personal property which did not belong to him.

I. A witness was allowed to testify, over defendant's objection, that he met defendant and another person coming away from the car having with them some personal property

1. CRIMINAL LAW: declarations of conspirators: admissibility.

such as a suit case, a shotgun, some razors, and some money, and that they admitted getting the property from the car. It is contended that the declarations of the person accompanying defendant at this time were not admissible against him, for it did not appear that they were confederates at the time the statements were made, so that the

declarations of the other person could be shown as against the defendant. But, in the first place, it clearly appears that these two persons had been together in the car, and were coming away from it together, having in their possession articles which they had taken from the car; and this was sufficient to indicate such confederation as to render admissible against the defendant the declaration of his confederate made in his presence. And in the second place the defendant in his testimony admitted everything which the declarations of his confederate tended to establish, so that, if the evidence was erroneously admitted, the error was wholly without prejudice.

II. The real contention for defendant is that the evidence did not tend to show the breaking and entering of a railway car within the statutory description of the offense for which the defendant was indict-

2. SAME: burglary: indictment: description of offense.

ed; the argument being that the body or box of a freight car resting on timbers on the ground is not a railway car within statutory designation. Some members of the court are of opinion that the indictment and evidence are sufficient to sustain a conviction under the statute for breaking and entering a railroad car. Other members of the court think that, although the evidence did not tend to show the breaking and entering of a railroad car within the statutory provision, nevertheless the erroneous description of the structure broken and entered as a railroad car could not have been prejudicial to the defendant, and, as the indictment might have been amended during the trial so as to bring the crime committed within the statute by a different description of the structure, appellant has no ground for complaint. It must be conceded that defendant's own testimony as a witness showed that he did break, enter, and commit the crime of larceny in a structure which might have been so described in the indictment as to bring it within the provisions of Code section 4791. As it plainly appears without con-

flict in the evidence that the defendant committed an act
constituting a crime under the section of the Code for the
violation of which he was indicted, it would be unneces-
sary and futile to reverse the case and remand it for a new
trial.  The defendant himself as a witness referred to the
structure which he broke and entered as the top of a box
car.  The remanding of the case with an opportunity to
the prosecution to so amend the indictment as to describe
the structure as a building, which it unquestionably was,
instead of a railroad car, would result in no advantage to
the defendant.

III.  The court instructed the jury that the car which
the defendant was charged with breaking and entering was
within the meaning of the law a railroad car, and that
the jury should so find the fact to be.  This
instruction is complained of because consti-
tuting a finding for the jury by the court
on a material question of fact.  But we have often held
it is not error even in a criminal case to assume or treat
as true a particular evidential fact which both parties admit
to be true, and as to which there is no controversy whatever.
*State v. McKnight,* 119 Iowa, 79; *State v. Mitchell,* 130
Iowa, 697; *State v. Evans,* 122 Iowa, 174; *State v. Cun-
ningham,* 111 Iowa, 233; *State v. Archer,* 73 Iowa, 320.
Cases relied on for appellant are not in point.  It is of
course, true that the court can not assume a fact as estab-
lished simply because there is no evidence for the defendant
to controvert the evidence relied upon for the prosecution
to establish such fact.  *State v. Bige,* 112 Iowa, 433; *State
v. Carter,* 112 Iowa, 15; *State v. Lightfoot,* 107 Iowa, 344.
But it was competent for the court to tell the jury that a
structure such as was described by the defendant himself
in his testimony came within the statutory description of
the offense with which he was charged.  Such instruction
involved no question of fact, but  only the application to

3. SAME: instruc-
tions: assump-
tion of fact.

the undisputed facts of the statutory language.    There could have been no possible prejudice in the instruction.

Finding no error in the record of which defendant can complain, the judgment is *affirmed*.