State of Iowa, Appellee, v. T. Jay Hubbard, Appellant.

No. 41918.

Parsons & Mills and G. C. Holliday, for appellant.

Edward L. O'Connor, Attorney-general, Walter F. Maley, Assistant Attorney-general, and Carl A. Burkman, County Attorney, for appellee.

ANDERSON, J.—The indictment charges the crime of rape defined in section 12966, of the Code. The defendant-appellant contends that the corroboration relied upon by the state is not sufficient, under the provisions of Code, section 13900, to warrant the submission of the case to a jury, and that the court should have directed a verdict for the defendant. In view of the fact that the case must be reversed for other reasons, we will refrain from any discussion of the evidence, further than to say that in our judgment the corroborating testimony was sufficient to warrant a submission to the jury.

The serious question in the case is the one raised by the appellant claiming error on the part of the court in its instructions to the jury, and our attention is specifically called to instructions No. 7 and No. 10. The part of instruction No. 7 against which complaint is lodged is as follows:

"And you are further instructed that in considering whether or not the defendant did have sexual intercourse with said Alice Leona Snook by force and against her will, you have a right to consider the physical strength and size of the prosecutrix and the defendant, their experience and opportunity in life so far as divulged by the testimony, *the conduct of the prosecuting witness with the defendant from the time she first met the defendant, during the time she rode with him in the automobile to the place where it is claimed by the prosecutrix she was raped by the defendant,* her actions before and after the alleged commission of the alleged crime, all as shown by

the evidence, and such other facts and circumstances as shown by the evidence bearing upon this matter." (Italics are ours.)

Appellant also complains of the giving of the last paragraph of instruction No. 10, which is as follows:

"It is not necessary for the state to establish that the force, if any, which was exercised over the prosecutrix was alone a physical force, but the force exercised, if any, may be one caused by a reasonable fear on the part of the prosecuting witness that her life was in danger, or that she was in danger of suffering great bodily injury, and in determining whether the assault was made by force and against the will of said Alice Leona Snook, you have a right to consider the physical strength and size of the prosecutrix and the defendant, their experience and opportunity in life, so far as divulged by the testimony, *the conduct of the parties while they were together in the automobile,* her actions before and after the alleged commission of the alleged crime, and all other facts and circumstances having any bearing upon said subject." (Italics are ours.)

The complaint lodged against both of the instructions quoted is that they assume the existence and truth of facts not proven, and which are disputed in the record. That it is error to assume facts as in existence or proven which are in controversy and disputed in the record, is too clear to warrant discussion. Especially is this true in a criminal case. Under our Constitution and statutes, juries are the triers of fact, either in civil or criminal cases, and the usurpation or assumption of this duty by the court is error and must not be sanctioned. In State v. Lightfoot, 107.Iowa 344, 78 N. W. 41, we said:

"In the fourth paragraph of the charge the court stated that the evidence showed, without contradiction that the crime charged had been committed, and that the jury was to determine whether it had been committed by the defendant. It seems to us that in so doing the court clearly invaded the province of the jury. The rule is well settled that the jury alone can determine questions of fact in a criminal case, and that the judge cannot, either in his charge or at any time during the trial, declare or deny the existence of any fact bearing on the issues and which is in contest. * * * The plea of not guilty puts in issue every material element of the offense charged, and, if the court may find one fact established, it may find all. We

do not think the court has power to instruct that any essential fact is established, notwithstanding there may be no evidence to the contrary."

See, also, State v. Carter, 112 Iowa 15, 83 N. W. 715; State v. Bige, 112 Iowa 433, 84 N. W. 518. The only variance from this rule has occurred in cases in which both parties admit certain evidential facts to be true. Among such cases are State v. Graves, 192 Iowa 623, 185 N. W. 78; State v. Archer, 73 Iowa 320, 35 N. W. 241; State v. Anderson, 154 Iowa 701, 135 N. W. 405; State v. Mitchell, 130 Iowa 697, 107 N. W. 804; State v. Wilson, 166 Iowa 309, 147 N. W. 739.

In the case at bar the complaining witness testified that the appellant picked her up in his car from a place in the business district of the city of Des Moines, and drove with her to an outlying district in the city, where the alleged crime was committed. The appellant in his testimony denied this, and stated that he never had seen the prosecuting witness until a time after the alleged crime was committed; that he did not pick her up and take her in his car as she claimed; and that he knew nothing about the commission of the crime. The evidence tended to show that the crime was committed about 3 o'clock in the morning of a certain day. The defendant claimed, and so testified, and there was other competent testimony to the fact, that he (the defendant) was at his home as early as 2 or 2:15 o'clock on the morning the crime was alleged to have been committed. The recitation of this testimony shows the vice and error of the instructions complained of, and especially that part of the instructions which we have set out in italics. In instruction No. 7, the court told the jury that in considering as to whether or not the defendant did have sexual intercourse with the prosecuting witness, they had a right to consider *"the conduct of the prosecuting witness with the defendant from the time she first met the defendant, during the time she rode with him in the automobile to the place where it is claimed by the prosecutrix she was raped by the defendant."* This is plainly and clearly an assumption of an existing fact by the court, —the existence of a material fact, which was in sharp dispute and controversy, and was clearly a usurpation and invasion of the province of the jury.

So, too, in instruction No. 10, in defining the force necessary to be exercised in the commission of the crime of rape, the court

said that the jury had a right to consider *"the conduct of the parties while they were together in the automobile."* And there is no modification, qualification, or explanation of this statement such as, "If you find that the parties were in the automobile of the defendant," or, "So far as shown by the evidence." Under the language used in the two instructions under consideration the jury would have had the right to believe that the facts assumed by the court were proven, and that they did not need to consider, deliberate upon, or determine such facts. Without further elaboration or discussion, we conclude that there was prejudicial and reversible error in the giving by the court of the instructions complained of. A reversal must follow.—Reversed.

ALBERT, C. J., and KINDIG, EVANS, MITCHELL, STEVENS, and KINTZINGER, JJ., concur.

NOVEMBER 14, 1933.

OPINION MODIFIED AND REHEARING DENIED APRIL 5, 1934.