STATE of South Dakota, Plaintiff
and Respondent,

v.

James Edward BRUGIER, Defendant
and Appellant.

No. 12708.

Supreme Court of South Dakota.

Dec. 19, 1979.

Richard H. Wendt, Asst. Atty. Gen., Pierre, for plaintiff and respondent; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

L. A. Weisensee, Sioux Falls, for defendant and appellant; John N. Gridley, III, Sioux Falls, on brief.

WOLLMAN, Chief Justice.

Appellant was convicted of aggravated assault after allegedly hitting and breaking the jaw of a woman near Yankton, South Dakota, on July 2, 1978. We affirm.

Appellant contends that the trial court erred in overruling his objection to the presumption of innocence instruction given by the trial court.* Appellant argues that use of the word "until" implies to the jury that the presumption of innocence will be overcome and makes it a foregone conclusion that such proof will be forthcoming. Appellant argues that the proper word should be "unless," because that word conforms to the first sentence in the instruction and is consistent with the instructions on burden of proof. Appellant cites *State v. Sonnenschein,* 37 S.D. 585, 159 N.W. 101 (1916), for the contention that the use of the word "until" improperly suggests what the completion of the process of deliberation should be before that process begins. *Sonnenschein* states that although an instruction similar to the one complained of in the case at bar might tend to mislead the jury on the question of presumption of innocence, it does not have that effect when read with the entire body of instructions as a whole. The trial court in that case had instructed on the presumption of innocence, as well as on reasonable doubt. In the case at bar, the court instructed on reasonable doubt and burden of proof in addition to giving the instruction in question. When read together, these instructions fully and correctly instructed the jury that the burden of proof remained with the state at all stages of the proceedings and that any juror entertaining a reasonable doubt regarding appellant's guilt was duty bound to vote for acquittal.

We do not reach appellant's second contention on appeal inasmuch as no objection was made at trial to the instruction he now seeks to challenge. *Fales v. Kaupp,* 83 S.D. 487, 161 N.W.2d 855 (1968).

The judgment of conviction is affirmed.

All the Justices concur.

---

* The instruction, which is South Dakota Pattern Jury Instruction (Criminal) 1–4, read:
    "It is a fundamental principle of our law that a person accused of a crime is presumed to be innocent, and this presumption follows the accused throughout every stage of the trial. So in this case, the defendant is presumed to be innocent, and this presumption follows him through every stage of the prosecution and must continue and abide with you *until* you are satisfied from the evidence beyond a reasonable doubt that he is guilty." (emphasis supplied)