STATE of South Dakota, Plaintiff and Appellee,

v.

Jeffrey Lynn HOWARD, Defendant and Appellant.

No. 13536.

Supreme Court of South Dakota.

Argued March 24, 1982.

Decided Sept. 1, 1982.

Mark W. Barnett, Asst. Atty. Gen., for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, Steve Miller, Deputy State's Atty., Minnehaha County, on brief.

John N. Gridley, III, Sioux Falls, for defendant and appellant.

WOLLMAN, Chief Justice.

Defendant appeals from the judgment of conviction entered on the jury verdict finding him guilty of first-degree murder and felony murder. We affirm.

Defendant was charged with having killed one Duane McCormick. In view of the fact that defendant does not challenge the sufficiency of the evidence to support the conviction, we find it unnecessary to discuss the factual situation that resulted in the killing.

Defendant's first contention is that the trial court committed reversible error when it overruled his objection to the following jury instruction: "Under our law homicide committed with a design to effect death is not the less murder because the perpetrator was in a state of voluntary intoxication at the time."

Throughout the trial defendant denied any involvement in the charged crimes. He did, however, testify extensively regarding his drinking pattern during the period of time material to the offenses, from which the jury was invited to infer that he was intoxicated. He argues, however, that since he did not offer the evidence of his intoxication as an explanation of any criminal acts, the inference of intoxication must be construed as probative of his physical inability to commit the crime and not, as he contends the challenged instruction assumes, as probative of his inability to form the specific intent to perform an act of which he was physically capable. In essence, defendant contends that by giving the instruction, the trial court impermissibly invaded the province of the jury in that it presupposed the existence of a controverted fact; namely, that defendant was present at the scene of the murder.

■ Although the challenged instruction might well have included language informing the jury that the instruction was applicable only if it found that defendant had killed McCormick, we conclude that when read with the entire body of instructions, it did not have the effect of tending to mislead the jury. The jury was thoroughly instructed regarding the State's duty to prove each element, including that defendant had committed the crime. In addition, another instruction informed the jury that:

> The actions of the court . . . in setting forth the law in these instructions, are not to be taken by you as any indication of any opinion by the court as to how the jury should determine any issue of fact. As you are the exclusive judges of all questions of fact in the case, the court in the conduct of the case does not express or intimate any opinion as to the facts which are for your sole determination.

Taken as a whole, then, the instructions negate the prejudicial effect claimed to have resulted from the challenged instruction.* *State v. Brugier*, 286 N.W.2d 1 (S.D. 1979).

---

* We have not overlooked the two cases cited by defendant in support of his contention that the giving of the challenged instruction constituted reversible error. We note that in the first of these cases, *State v. Hubbard*, 218 Iowa 239, 250 N.W. 891 (1933), two separate instructions in a rape case assumed that the defendant was present in the car with the victim, this in the face of the defendant's denial of any knowledge of the alleged crime and his defense of alibi. In

Defendant also contends that a certain comment during the State's closing argument was prejudicial and denied him a fair trial. The questioned argument stated:

We also know at least to somebody Jeff Howard gave the key. Is it real important to whom that key was given? Jeff Howard had the luxury of hearing all the State's evidence before he told his version and he says it was to Gary Massey. You know from Vicki Marshall, Gary's sister, Gary was somewhere out in Colorado. She doesn't know where. He knew that Gary Massey wasn't here to testify for you in South Dakota, on that witness stand, testifying for you. The only way it makes any difference who that key was given to, it's convenient for Jeff Howard to say it's Gary Massey. That's another reason why you wouldn't believe Pete Farley.

Defense counsel immediately objected on the ground that the State was implying that the testimony of the unavailable witness, Gary Massey, would have been adverse to defendant. Defendant argues that the comment improperly shifted the burden of proof to defendant. We disagree. A fair reading of the challenged comment is that it simply challenged defendant's credibility by suggesting that he could easily have fabricated that portion of his testimony, knowing that Massey was not available to contradict him. We conclude that in the context of the entire trial the implication in the challenged portion of the argument that defendant's story was a convenient lie was fair comment under the evidence.

The judgment of conviction is affirmed.

All the Justices concur.

the other case, *Pulliam v. State*, 167 Neb. 614, 94 N.W.2d 51 (1959), the challenged instruction stated that it was the defendant's contention that he had received permission to sell certain mortgaged property, when in fact the defendant's theory of defense was that the property was not covered by the mortgage. Although we do not necessarily disagree with the result reached or the principles of law applied in those cases, we do not believe that the decisions are applicable to the case before us.